**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Antonio Aranda FIERRO, Defendant-Appellant.**

**No. 80CA0880.**

Colorado Court of Appeals, Div. I.

March 4, 1982.

Rehearing Denied March 25, 1982.

Certiorari Denied Sept. 13, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Lynne Ford, Nathan B. Coats, Asst. Atty. Gens., Denver, for plaintiff-appellee.

Maes & Holland, Robert M. Maes, John R. Holland, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals his conviction of theft by receiving. He asserts prosecutorial misconduct and error by the court in excluding certain evidence. We reverse on the first issue.

The record indicates that a number of handguns, rifles, and shotguns were reported stolen from a private residence in Arvada. The police, acting on information supplied by an informant, obtained a search warrant for defendant's home. During the search they found seven of the stolen hand-

guns in a paper sack in a wooden cabinet. Defendant was then arrested, and charged with receiving these guns.

A prosecution witness, Chris Houston, who had purchased the guns from the burglars, testified that he made a deal with defendant to sell him the guns. Defendant testified that Houston, who was a friend, appeared at his apartment one day when he and his wife were about to leave, that Houston offered to sell him the guns, and that when he refused to purchase them, Houston asked if he could hide the guns in his apartment. Defendant further testified that he refused this request but did allow Houston to remain in the apartment to use the telephone after he and his wife left.

Defendant and his wife testified that, after defendant's arrest, his wife discovered three more of the stolen guns in their apartment in the same cabinet from which the police had recovered the sack of guns. They further testified that defendant turned these guns in to a Public Defender, who was his attorney at that time. Defendant was not charged with receiving these guns.

Defendant's attorney, who replaced the Public Defender sometime prior to trial, planned to call the Public Defender as a witness to support defendant's testimony about the three guns, and to testify that the guns had been turned over to an investigator in the District Attorney's office. On the first day on which the defense presented its evidence, the Public Defender could not be reached, and defendant's attorney requested additional time to have the Public Defender present to testify. Defense counsel explained to the court and prosecution that the Public Defender was expected to testify that the guns had been surrendered to the police. The trial court denied defendant's motion and ordered defendant to proceed with his other witnesses, in the hope that the Public Defender could be contacted, which he eventually was. Also on that day, defendant took the stand and testified that the Public Defender told him that he (the Public Defender) would deliver the guns to the police, and that he assumed that the Public Defender had done so.

The next day, at an in camera hearing immediately prior to closing argument, the Public Defender verified that defendant had called him about the three additional guns, that on his advice defendant delivered the guns to his office, and that subsequently, he contacted one Jack Byron of the District Attorney's staff and turned the guns over to a representative of the District Attorney's office. When the Public Defender delivered the guns to the District Attorney's representative, he did not identify either the source of the guns or the case to which they were related; however, it is undisputed that, at the time of trial, the guns were in the possession of the District Attorney's staff.

At the hearing, the District Attorney purported to advise the Public Defender of his right not to testify because of the possibility that he could be prosecuted for concealing evidence. The trial court ruled that defendant would waive the attorney-client privilege by calling the Public Defender to the stand, and that the Public Defender would be subject to cross-examination as to his role in the concealing of physical evidence. Thereafter, defendant elected not to call the Public Defender as a witness, and rested his case.

In closing argument, the District Attorney implied that defendant's whole story was a fabrication and, as to the incident about the three guns, specifically noted that defendant could have produced the three guns as evidence if he had told the truth when he said that he turned in the guns. Again, during rebuttal, the District Attorney asked the jury rhetorically, "So where is the proof of these three other guns?" Defendant did not object to these statements during argument.

■ Citing *People v. Walker*, 180 Colo. 184, 504 P.2d 1098 (1973), defendant first contends that he was denied a fair trial because the District Attorney argued to the jury that defendant's assertion that he turned the guns in was a fabrication, even though he knew that the three guns had been surrendered and were in the District Attorney's possession. We agree.

Though here, we do not have any suppression of evidence as in *Walker*, the closing arguments of the District Attorney were of the same nature which the court in *Walker* described as being unfair, misleading, and "constituted a deprivation of due process under the 14th Amendment." *Walker*, 180 Colo. at 189, 504 P.2d at 1100.

No doubt defense counsel should have called other witnesses who could have verified defendant's story, and should have objected to the District Attorney's closing argument. However, the focus of our due process inquiry is "on the essential fairness of the procedure and not on the astuteness of either counsel." *Walker*, 180 Colo. at 186, 504 P.2d at 1100, quoting *Barbee v. Warden, Maryland Penitentiary*, 331 F.2d 842 (4th Cir., 1964). Therefore, we hold that defendant was denied a fair trial because of the District Attorney's remarks and that the judgment of conviction must be reversed.

Defendant's second contention is that the trial court erred by excluding from evidence certain weapons, other than those found in defendant's apartment, and those turned in to the Public Defender, on the ground of relevancy. We disagree.

It is within the special province and competence of the trial court to determine the relevancy of evidence at trial. *People v. Bynum*, 192 Colo. 60, 556 P.2d 469 (1976). The defendant was not charged with receiving the weapons in question, they were recovered at locations other than defendant's residence, and they had no relevancy to the issues before the court. Therefore, we find no abuse of discretion by the trial court in refusing to admit such evidence.

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and KELLY, JJ., concur.