The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael Paul PIERRIE, Defendant–Appellant.

No. 99CA2414.

Colorado Court of Appeals, Div. I.

March 29, 2001.

Certiorari Denied Sept. 10, 2001. *

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Michael Paul Pierrie, appeals the sentence entered upon his plea of guilty to the offense of possessing a schedule II controlled substance with intent to distribute. We affirm.

The plea agreement provided that the offense is a class three felony. However, at the sentencing hearing, defendant argued that, pursuant to § 18–18–405(2)(a)(I), C.R.S. 2000, the offense is a class four felony, not a class three felony. Defendant thus argued that he should be required to serve only a three-year mandatory parole period after completing his prison sentence, rather than the five-year period applicable to class three felonies under § 18–1–105(1)(a)(V)(A), C.R.S. 2000. The trial court disagreed and sentenced defendant for a class three felony.

On appeal, defendant argues that the trial court erred by concluding that, under § 18–18–405(2)(a)(I), possession of a schedule II controlled substance with intent to distribute is a class three felony. We disagree.

Section § 18–18–405(1)(a), C.R.S.2000, establishes multiple substantive drug-related offenses, including possession of a schedule II controlled substance (simple possession) and possession of a schedule II controlled substance with intent to distribute (possession with intent to distribute).

Section 18–18–405(2)(a)(I) sets forth the generally applicable sentencing provisions for the offenses defined in § 18–18–405(1)(a). It directs that offenses involving schedule I or II controlled substances are class three felonies, "except that a person commits a class 4 felony if such violation is based on the possession of a [schedule II] controlled substance."

The issue in this case turns upon a matter of statutory interpretation, namely the scope of the exception in § 18–18–405(2)(a)(I) for violations "based on the possession" of a schedule II controlled substance.

## I. Statutory Interpretation Principles

■ At the outset, we note that statutory interpretation is a question of law subject to *de novo* review by this court. *See Hendricks v. People*, 10 P.3d 1231 (Colo.2000).

■ In interpreting § 18–18–405(2)(a)(I), our task is to ascertain and give effect to the intent of the General Assembly. *People v. Swain*, 959 P.2d 426 (Colo.1998). To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases used their plain and ordinary meaning. *People v. McNeese*, 892 P.2d 304 (Colo.1995). When the statutory language is clear and unambiguous, it must be interpreted as written. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994).

■ However, when a statute is susceptible of more than one reasonable interpretation, a court must look beyond the language of the statute and consider other factors, such as the statute's legislative history and the nature of the problem addressed by the legislation. *State v. Nieto*, 993 P.2d 493 (Colo.2000). *See also* § 2–4–203, C.R.S.2000. We must strive to construe a statutory scheme in a manner that gives harmonious and sensible effect to all of its parts. *Gilford v. People*, 2 P.3d 120 (Colo.2000).

■ If, after having employed the various aids to statutory construction, we are still unable to discern controlling legislative intent, the rule of lenity requires that we construe the statute favorably to the accused. *See Muscarello v. United States*, 524 U.S. 125, 138, 118 S.Ct. 1911, 1919, 141 L.Ed.2d 111, 122 (1998) ("[t]he rule of lenity applies only if, after seizing everything from which aid can be derived, ... we can make no more than a guess as to what Congress intended") (internal quotation omitted); *United States v. Wilson*, 10 F.3d 734, 736 (10th Cir.1993) ("The rule of lenity is a rule of last resort, to be invoked only after traditional means of interpreting the statute have been exhausted."); *People v. Shipley*, 22 P.3d 564 (Colo. App.2001) ("The rule of lenity is to be applied only to resolve an unyielding statutory ambiguity." (quotation omitted)).

With these principles in mind, we proceed to an analysis of defendant's assertions.

## II. Application of Principles of Statutory Interpretation

■ In our view, the exception in § 18–18–405(2)(a)(I) for violations "based on the possession" of schedule II controlled substances is subject to more than one reasonable interpretation. A person could reasonably interpret the phrase "based on the possession" as referring to: (1) simple possession; (2) both simple possession and possession with intent to distribute; or (3) any and all drug-related crimes involving, or arising from, initial (or ultimate) possession of a controlled substance.

Because these interpretations of § 18–18–405(2)(a)(I) are all reasonable but lead to different results, we conclude that the phrase "based on possession" is ambiguous. *Cf. Sandoval v. Archdiocese of Denver*, 8 P.3d 598 (Colo.App.2000) (concluding that the term "based on" was ambiguous as used in statute establishing limitations period applicable to civil claims filed by victims of sexual assault). Accordingly, we must look to other factors beyond the language of the statute to determine the intent of the General Assembly. *See State v. Nieto, supra*.

The portion of § 18–18–405(2)(a)(I) at issue here was amended in 1994 as part of an omnibus crime bill, H.B. 94–1126, Colo. Sess. Laws 1994, ch. 287 at 1714–24. According to the testimony in the committee hearings, the key issues addressed by that bill were establishment of additional sex offenses, particularly offenses against children, and mandatory sentencing for violent crimes. *See* Hearings on H.B. 94–1126 before the House Judiciary Committee, House Appropriations Committee, & Senate Judiciary Committee, 59th General Assembly, Second Session (January 27, April 11 & April 27, 1994, respectively) (hereinafter "Hearings").

The testimony at the Hearings indicates that the amendment to § 18–18–405(2)(a)(I) reducing the classification of offenses "based on the possession" of schedule II controlled substances was added by the appropriations committee to fund the additional costs, particularly prison costs, that would result from

establishing new substantive offenses and enhanced sentencing requirements.

The proponents of the amendment repeatedly emphasized that the reduced felony classification would apply only to "pure" or "simple" possession and expressly indicated that "this relaxation ... would not affect possession with intent to distribute." Hearing on H.B. 94–1126 before the House Judiciary Committee, *supra.* They argued that reducing the classification of simple possession was warranted to create the funding necessary to prosecute and punish perpetrators of sex offenses and crimes of violence.

The testimony and debates further indicate that the General Assembly concluded that "pure possession" of small amounts of drugs "for personal use only" could be "handled very appropriately and appropriate sentences can be given under the class four category," Hearing on H.B. 94–1126 before the Senate Judiciary Committee, *supra,* but that, because possession with intent to distribute poses a more serious danger to society, it should remain a class three felony. Hearings, *supra. Cf. People v. Cagle,* 751 P.2d 614 (Colo.1988) (under prior version of law, General Assembly had provided for harsher penalties for possession of a controlled substance than for mere use of the same controlled substance because, unlike one who merely uses a controlled substance and threatens only his own health and well-being, one who possesses a controlled substance has the capability to distribute or dispense it to others).

In light of this unequivocal legislative history, we conclude that, with the exception of simple (and, by necessity, attempted simple) possession, the General Assembly intended the drug-related crimes proscribed in § 18–18–405(1), including possession with intent to distribute, to be punished as class three felonies. *See People v. Thurman,* 948 P.2d 69 (Colo.App.1997) (concluding that distribution of a controlled substance and conspiracy to distribute a controlled substance are class three felonies under § 18–18–405(2)(a)(I)); *see also People v. Roy,* 723 P.2d 1345 (Colo. 1986) (concluding that, under predecessor statute to § 18–18–405, C.R.S.2000, attempt to induce the sale of a controlled substance

and conspiracy to sell a controlled substance were class three felonies).

Our conclusion is bolstered by the fact that § 18–18–405(5), C.R.S.2000, which mandates enhanced sentencing for certain persons convicted of multiple drug-related offenses, applies to all categories of offenses proscribed by § 18–18–405(1)(a) *except* the offense of simple possession. This further evidences the General Assembly's intent to punish offenses involving simple possession less harshly than other drug-related crimes, including possession with intent to distribute, proscribed in § 18–18–405(1)(a).

Because we perceive no "unyielding ambiguity" in § 18–18–405(2)(a)(I), we reject defendant's assertion that application of the rule of lenity requires that we reach a different result.

Accordingly, the sentence is affirmed.

Judge METZGER and Judge VOGT concur.