The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Zid PERRY, Defendant–Appellant.

No. 98CA2122.

Colorado Court of Appeals, Div. I.

Feb. 14, 2002.

Rehearing Denied Sept. 19, 2002.

Certiorari Denied April 28, 2003.

Brian Dean WALTON, Petitioner.

v.

The PEOPLE of the State of Colorado, Respondent.

No. 02SC60.

Supreme Court of Colorado, En Banc.

April 28, 2003.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Zid Perry, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession of a schedule II controlled substance (methamphetamine) with intent to distribute, use of a controlled substance, tampering with evidence, and possession of drug paraphernalia. He also appeals the trial court's order denying his Crim. P. 35(c) motion alleging ineffective assistance of counsel. We affirm.

On September 22, 1997, a Mesa County deputy sheriff saw defendant's pickup truck traveling down a road with two people in the cab and, knowing a bench warrant existed for defendant's nonappearance in a pending case, followed the pickup into the driveway adjoining a house. The pickup parked behind the house, out of the deputy's view. A person, later identified as the owner of the house, came around the side of the house and, in response to the deputy's inquiry about who had been in the pickup with him, said that he had been alone. The deputy replied he had seen two people and asked if the other person had been defendant. The owner admitted it was, then went into the house to get him.

Shortly afterwards, the owner told the deputy defendant had run out the back door. Defendant was found standing near a shed behind the house. The deputy saw him reach toward his front pocket with his left hand, but then move out of view. Officers later found an address book with a "pay-owe" schedule and $306 in cash in defendant's pocket. On the ground nearby, in weeds that were wet from a recent rain, they found

a glass smoking pipe with a trace amount of methamphetamine and a syringe. Neither the pipe nor the syringe was wet.

The owner of the house consented to a search, but each of the three bedrooms was padlocked. Defendant refused to permit a search of his bedroom, so a search warrant was obtained. In his bedroom, officers found eight cubic centimeters of liquid methamphetamine in a syringe, a recipe for making methamphetamine, test tubes, a propane bottle, a scale, some drug paraphernalia, a loaded nine millimeter handgun, and mail addressed to defendant. In the truck, officers found a glass pipe, test tubes with stoppers, a retail shopping bag containing small plastic bags, and, inside a film canister, another bag with three plastic bags containing 3.1 grams, 6.83 grams, and 2.1 grams of methamphetamine, respectively.

## I.

## DIRECT APPEAL

### A.

■ Defendant first contends the trial court erred when it refused to allow him to present evidence at trial of the existence of the bench warrant for his arrest in another case. He argues that the exclusion of this evidence allowed the prosecution to create the misleading impression that his flight from police indicated his consciousness of guilt of the offenses here. He further argues the existence of the warrant was relevant to assist the jury in assigning appropriate weight to the flight evidence and in putting the arrest itself in context. We disagree.

■ We review this evidentiary ruling for abuse of discretion; thus, we must determine whether defendant has established it was manifestly arbitrary, unreasonable, or unfair. *See People v. Ibarra*, 849 P.2d 33 (Colo.1993). We will afford the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice that can be reasonably expected. *See People v. Gibbens*, 905 P.2d 604 (Colo.1995).

■ Evidence of a defendant's flight may be relevant to show consciousness of guilt,

*People v. Baca*, 852 P.2d 1302 (Colo.App. 1992), but only if it can be shown the defendant was aware he or she was being sought. *See, e.g., United States v. White*, 488 F.2d 660 (8th Cir.1973); *People v. Moody*, 75 Ill. App.3d 674, 31 Ill.Dec. 441, 394 N.E.2d 643 (1979); *State v. Sullivan*, 43 N.J. 209, 203 A.2d 177 (1964); *see also* Barbara E. Bergman & Nancy Hollander, 1 *Wharton's Criminal Evidence* § 3:20 (15th ed. 1997).

To avoid encouraging a jury to speculate, evidence must create more than an unsupported inference or a possible ground for suspicion. *See People v. Perez*, 972 P.2d 1072 (Colo.App.1998).

Here, defendant sought to introduce evidence of the bench warrant's existence as an alternative explanation for his flight. However, he proffered no evidence that he knew about the warrant; instead, he argued the jury could infer that he was aware of its existence.

We agree with the trial court that, without evidence defendant knew of the warrant's existence, it would have been mere speculation to suggest he fled for that reason. *See People v. Perez, supra.* Thus, the trial court did not abuse its discretion in rejecting defendant's evidence.

Defendant next argues the evidence of the existence of the bench warrant was relevant and admissible as "history of arrest evidence" because the warrant was the reason for the police contact. We are not persuaded.

■ The purpose of history of arrest evidence is to show the existence or absence of consciousness of guilt. *See Jordan v. People*, 151 Colo. 133, 376 P.2d 699 (1962). While evidence that defendant fled because of his awareness of the prior bench warrant might have been relevant to the issue of his consciousness of guilt of the present offense, evidence that the prior warrant existed, without more, would not have been relevant to that issue.

Finally, defendant argues the trial court's evidentiary ruling allowed the prosecutor to create a misleading impression about the significance of his flight. Again, we are not persuaded.

Defendant relies on *People v. Fierro*, 651 P.2d 416 (Colo.App.1982), which held that a defendant's right to fair trial is violated when a prosecutor's argument, while supported by evidence admitted at trial, is contrary to facts outside the record of which the prosecutor is aware. However, the situation here is distinguishable. In *Fierro, supra*, the prosecutor argued the defendant had fabricated a story about surrendering three guns, although the prosecutor knew the guns had been surrendered to authorities. Here, there is nothing in the record to indicate the prosecutor knew defendant was aware of the warrant's existence. Therefore, the argument was not the type of purposeful misrepresentation condemned in *Fierro, supra.*

Accordingly, the trial court's evidentiary ruling will not be disturbed.

### B.

Defendant next contends the trial court "committed reversible error by allowing police to testify that he invoked his right to be free from a warrantless search and seizure in his home." We disagree that reversal is required.

Where, as here, defendant does not object at trial, we will review for plain error and determine whether the testimony so affected the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See Walker v. People*, 932 P.2d 303 (Colo.1997). A constitutional error is harmless when the evidence properly received is so overwhelming that such error was harmless beyond a reasonable doubt. *See Bartley v. People*, 817 P.2d 1029 (Colo.1991). However, if a review of the entire record shows the defendant could have been prejudiced, the error cannot be harmless. *See Lybarger v. People*, 807 P.2d 570 (Colo.1991).

The United States and Colorado Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amends. IV, XIV; Colo. Const. art. II, § 7; *see also Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *People v. Canton*, 951 P.2d 907 (Colo.1998). In general, searches of a person's home or property are prohibited without a warrant. *See People v. Gall*, 30 P.3d 145 (Colo.2001).

A constitutional right may be impermissibly burdened when a penalty is imposed for exercising that right. *See Apodaca v. People*, 712 P.2d 467 (Colo.1985); *People v. Anderson*, 954 P.2d 627 (Colo.App.1997). Further, a defendant's exercise of his or her rights is inherently ambiguous and, therefore, is not probative of guilt. *See People v. Quintana*, 665 P.2d 605 (Colo.1983).

A defendant's due process rights may be violated when the prosecution uses at trial the defendant's refusal to consent to a search. *See, e.g., United States v. Dozal*, 173 F.3d 787 (10th Cir.1999). However, even if we assume that occurred here when the police testified about defendant's refusal to consent to a search, we conclude reversal is not required under the facts of this case.

The evidence properly received at trial showed defendant had 12.03 grams of methamphetamine, along with various items associated with the sale of drugs, in his truck. In his bedroom, defendant had eight cubic centimeters of liquid methamphetamine in a syringe, a recipe for making methamphetamine, and assorted items of drug paraphernalia.

Because this evidence of defendant's guilt is overwhelming, any error was harmless beyond a reasonable doubt.

### C.

Defendant also asserts that, because § 18–18–405(2)(a)(I), C.R.S.2001, classifies possession of a schedule II controlled substance with intent to distribute as a class 4 felony, the trial court erred in entering a judgment of conviction for a class 3 felony and in sentencing him accordingly. We disagree.

In *People v. Pierrie*, 30 P.3d 816 (Colo. App.2001), a division of this court considered and rejected a contention identical to that defendant raises here. It concluded that, with the exception of simple possession and attempted simple possession, the General Assembly intended to punish as class 3 felonies all of the drug-related crimes proscribed in § 18–18–405(1), C.R.S.2001, including posses-

sion with intent to distribute. We agree with that determination and adopt it here.

Defendant relies on dicta in *People v. Whitaker*, 32 P.3d 511 (Colo.App.2000), to support his argument that possession of less than twenty-five grams of methamphetamine should be treated as a class 4 felony. However, that case relied on the enhanced sentencing provisions of § 18–18–405(3), C.R.S. 2001, and held that possession with intent to distribute more than one kilogram of methamphetamine was a class 3 felony. The issue here is whether possession with intent to distribute a schedule II controlled substance remains a class 3 felony when the amount possessed does not trigger § 18–18–405(3). Under *People v. Pierrie, supra*, it does.

Therefore, the trial court did not err in sentencing defendant for a class 3 felony.

## II.

### CRIM. P. 35(c) APPEAL

#### A.

Defendant contends the trial court erred in denying his Crim. P. 35(c) motion alleging ineffective assistance of counsel. Specifically, defendant argues the trial court erred in finding that he was not prejudiced by his counsel's untimely communication of a plea offer. Therefore, he asserts, his conviction must be reversed and the case must be remanded for a new trial. We disagree.

■ We give deference to the trial court's findings of fact after a Crim. P. 35(c) hearing, and we will not disturb them on review if they are supported by competent evidence in the record. *See Downey v. People*, 25 P.3d 1200 (Colo.2001).

■ To succeed on a claim of ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. To establish deficient performance, the defendant must demonstrate that, in light of all the circumstances, counsel's identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Cole*, 775 P.2d 551 (Colo.1989).

■ The trial court held that trial counsel's failure to convey the plea offer constituted deficient performance, and we agree.

■ Colorado has not adopted the rule that failure to convey a plea offer is deficient performance even though a defendant otherwise receives a fair trial. But, the rule has been widely accepted in other jurisdictions. *See, e.g., Arredondo v. United States*, 178 F.3d 778 (6th Cir.1999); *United States v. Blaylock*, 20 F.3d 1458 (9th Cir.1994); *United States v. Rodriguez*, 929 F.2d 747 (1st Cir.1991); *Johnson v. Duckworth*, 793 F.2d 898 (7th Cir.1986); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3d Cir. 1982); *see also* ABA Standards for Criminal Justice: Prosecution Function and Defense Function § 4–6.2(b) (3d ed. 1993)("Defense counsel should promptly communicate and explain to the accused all significant plea proposals made by the prosecutor.").

We adopt that rule and, thus, agree with the trial court's conclusion that "[i]t is indisputable that the failure of an attorney to convey a plea offer to a client is a violation of the standard practice which an attorney should follow." The court found defense counsel did not timely convey the plea offers, and because defendant received a sentence greater than that contained in the offers, defense counsel's performance was deficient. However, defendant still must establish prejudice to succeed on his claim.

■ To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington, supra; People v. Cole, supra.*

■ Failing to communicate a plea offer to a defendant constitutes prejudice if there is a reasonable probability that the defendant would have accepted the offer if it had been timely communicated. *See United States v. Blaylock, supra; cf. United States ex rel. Caruso v. Zelinsky, supra.*

■ The trial court found defendant made an insufficient showing of prejudice because he "has not proven by a preponder-

ance of the evidence that if those offers, either offer, had been communicated he would have accepted either one." As the trial court explained, defendant wished a global disposition of all five of his pending cases (including this one) with a six-year sentencing cap. However, none of the plea offers contained this provision because the deputy district attorney would only agree to an eight-year sentencing cap.

On defendant's motion for reconsideration, which argued he need only show a reasonable probability he would have accepted the offers, the court found that no reasonable probability existed.

Although the record contains some conflicting evidence, the trial court's conclusion is well-supported when the evidence is viewed in the context of its credibility determinations. Thus, we find no error.

### B.

Defendant's remaining contentions criticize trial counsel's trial strategy and technique. However, we agree with the trial court that trial counsel's choices did not constitute ineffective assistance and that defendant failed to show a reasonable probability the outcome would have been different if trial counsel had used a different strategy or technique. *See People v. Sparks*, 914 P.2d 544 (Colo.App. 1996). Accordingly, we find no error in the trial court's denial of defendant's Crim. P. 35(c) motion on this basis.

The judgment and order are affirmed.

Judge NEY and Judge TAUBMAN concur.