The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David DELGADO–ELIZARRAS, Defendant–Appellant.

No. 03CA1268.

Colorado Court of Appeals, Div. III.

Aug. 25, 2005.

Rehearing Denied Nov. 3, 2005.

Certiorari Denied April 3, 2006.*

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S. 2004.

* Justice EID does not participate.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CARPARELLI, J.

Defendant, David Delgado–Elizarras, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of attempted first degree murder, two counts of first degree assault on a peace officer, two counts of first degree aggravated motor vehicle theft, three counts of felony menacing, and five counts of reckless endangerment. We affirm in part, vacate in part, and remand for the correction of the mittimus.

Defendant fired several shots in the direction of Police Officer Rodriguez and pointed his gun at Officers Carlson and Gasner while attempting to avoid apprehension. He was charged with three counts of attempted first degree murder, three counts of first degree assault on a peace officer, two counts of aggravated motor vehicle theft, and three counts of felony menacing. In addition to instructing the jury regarding these offenses, the court instructed the jury that reckless

endangerment was a lesser included offense of attempted first degree murder. The court also instructed the jury to separately consider and return verdicts regarding three additional counts of reckless endangerment.

As pertinent here, the jury found defendant guilty of attempted first degree murder of Officer Rodriguez. With respect to Officers Carlson and Gasner, the jury found defendant not guilty of attempted murder, but guilty of the lesser included offense of reckless endangerment. The jury also found defendant guilty of separate counts of first degree assault on Officers Gasner and Rodriguez, but not guilty with respect to Officer Carlson. As to the additional charges of reckless endangerment, the jury found defendant guilty with respect to all three officers. The court sentenced defendant to twenty-seven years and six months in the Department of Corrections.

Defendant now appeals.

## I.

■ Defendant contends that the trial court erred when it admitted irrelevant and prejudicial other acts evidence, thus violating his rights to due process and fair trial. Defendant argues that Officer Carlson's testimony that defendant matched the description of a person who committed several aggravated robberies was inadmissible other acts evidence. Defendant argues that the prosecutor's failure to mention the other acts evidence during closing argument demonstrates that the evidence was irrelevant. The People argue that the testimony was relevant and necessary to explain Officer Carlson's actions so that the jury would not conclude that he was a rogue officer who overreacted or used excessive force.

Even if we assume the court erred when it admitted the evidence and that such an error was of constitutional dimension as defendant contends, we conclude that any error was harmless beyond a reasonable doubt.

■ A constitutional error is harmless when the evidence properly received is so overwhelming that the error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828,

17 L.Ed.2d 705 (1967); *People v. Harris,* 43 P.3d 221 (Colo.2002); *People v. Perry,* 68 P.3d 472 (Colo.App.2002). In determining whether a constitutional error was harmless, we examine the importance of the evidence to the prosecution's case, the overall strength of the prosecution's case, the cumulative nature of the evidence, and the presence or absence of corroborating or contradictory evidence. *Blecha v. People,* 962 P.2d 931 (Colo. 1998). The ultimate question we must decide is whether the guilty verdict was surely not attributable to the error. *See People v. Harris, supra; People v. Martinez,* 83 P.3d 1174 (Colo.App.2003).

Here, during closing argument, defendant's counsel conceded that defendant fired the gun as alleged and pointed it at Officer Gasner. With respect to the charges of attempted first degree murder, the issue at trial was whether defendant knowingly engaged in conduct constituting a substantial step toward causing the death of the police officers, with intent and after deliberation. With respect to the charges of first degree assault on a peace officer, the only contested issue was whether defendant intended to cause serious bodily injury to each of the peace officers.

There was overwhelming evidence that (1) defendant pointed the gun and fired at Officer Rodriguez when he was fifteen feet away in his patrol car; (2) while running away, defendant turned, aimed the gun at Officer Carlson, and appeared to fire it; and (3) while standing on the roof, defendant pointed the gun at Officer Gasner. The jury convicted defendant of attempting to murder Officer Rodriguez and of assaulting him. As to the counts of attempting to murder Officers Carlson and Gasner, the jury found him not guilty, but guilty of the lesser included offenses of reckless endangerment.

We conclude that the evidence of defendant's guilt as to these charges and the related lesser included offenses was overwhelming. The acquittal as to the alleged assault on Officer Carlson and verdicts of guilty only as to the lesser offenses included in the alleged attempted murders of Officers Carlson and Gasner demonstrate that the jury based its verdicts on evidence of defendant's

conduct at the scene, and not on any conclusions regarding defendant's propensity to engage in criminal conduct. Consequently, we conclude that the testimony that defendant matched the description of a suspected robber did not influence the jury's verdict, and thus, any error in admitting such testimony was harmless beyond a reasonable doubt.

We therefore conclude that defendant's rights to due process and fair trial were not violated.

## II.

■ Raising an issue of first impression, defendant next contends that the trial court erred when it refused his jury instruction on reckless endangerment as a lesser included offense of first degree assault on a peace officer. We disagree.

Defendant asked the court to instruct the jury that reckless endangerment was a lesser included offense of both attempted first degree murder and first degree assault on a peace officer. The trial court agreed to so instruct the jury as to attempted first degree murder. However, as to first degree assault on a peace officer, the court ruled that reckless endangerment is a lesser nonincluded offense and, over defendant's objection, instructed the jury that, in addition to the crimes charged in the information, it could convict defendant of separate counts of recklessly endangering each of the three officers.

■ Pursuant to § 18–1–408(5)(a), C.R.S.2004, a lesser offense is included in a greater offense when it is established by proof of the same or less than all the facts required to establish the commission of the greater offense. This standard has been referred to as the "strict elements test," "the statutory elements test," and the "Blockburger test." *People v. Abiodun*, 111 P.3d 462 (Colo.2005); *Meads v. People*, 78 P.3d 290 (Colo.2003); *People v. Leske*, 957 P.2d 1030 (Colo.1998). Thus, if the lesser offense necessarily requires proof of at least one additional fact that the greater offense does not, it is not included in the greater offense. *Meads v. People, supra.*

The offense of reckless endangerment requires proof that the defendant engaged in conduct that created a substantial risk of serious bodily injury. Section 18–3–208, C.R.S.2004. In comparison, the offense of first degree assault on a peace officer requires proof that the defendant threatened a peace officer with a deadly weapon and *intended* to cause serious bodily injury. Section 18–3–202(1)(e), C.R.S.2004. However, it does not require proof that the defendant's threatening conduct created a substantial risk of bodily injury to the officer.

Because reckless endangerment requires proof of a fact that is not necessary to prove first degree assault on a peace officer, the establishment of every element of first degree assault on a peace officer would not necessarily prove that the defendant recklessly endangered that officer.

In *People v. Tallwhiteman*, 124 P.3d 827, 2005 WL 550332 (Colo.App. No. 03CA0211, Mar. 10, 2005), the defendant was also charged with first degree assault in violation § 18–3–202(1), C.R.S.2004. There, however, the charge was violation of subsection (a), assault with intent to cause serious bodily injury, not violation of subsection (e), as here. To prove a violation of subsection (a), the prosecution must prove, among other things, that the defendant, in fact, caused serious bodily injury. The *Tallwhiteman* division concluded that proof of serious bodily injury would necessarily include proof of conduct creating a substantial risk of serious bodily injury. However, unlike subsection (a), subsection (e) does not require proof of serious bodily injury, and, therefore, the same result does not obtain here.

We thus conclude that because reckless endangerment requires proof of an element that is not required to prove first degree assault on a peace officer, it is not a lesser included offense of first degree assault on a peace officer. Accordingly, the trial court did not err when it refused defendant's tendered jury instruction on reckless endangerment as a lesser included offense of first degree assault on a peace officer.

## III.

Defendant also contends that the court erred when it instructed the jury regarding

reckless endangerment in counts 12, 13, and 14, without telling the jury that these were lesser nonincluded offenses of first degree assault on a peace officer and that the jury should consider the reckless endangerment counts as alternatives to convictions of first degree assault. He also contends that the convictions on counts 12, 13, and 14 violate his due process rights and the prohibition against double jeopardy. We agree.

### A.

■ We first reject the People's assertion that this contention is not preserved because defendant agreed to the reckless endangerment instruction as given.

Defendant requested the reckless endangerment instruction as a lesser *included* offense of first degree assault on a peace officer. The trial court ruled that reckless endangerment was not a lesser included offense, but a lesser *nonincluded* offense. Accordingly, it ruled that the jury could return verdicts of guilty as to both first degree assault and reckless endangerment as to each officer. After the court so ruled and rejected defendant's proposed instruction, the following colloquy occurred:

> THE COURT: Is it still your desire, though, to have that lesser, [defense counsel]?
>
> [DEFENSE COUNSEL]: Oh, yes.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: We're requesting a lesser included.
>
> THE COURT: I know.
>
> . . . .
>
> [DEFENSE COUNSEL]: *And the lesser nonincluded not [be] given.*

(Emphasis added.)

This colloquy reflects that defendant continued to request that the court instruct the jury that reckless endangerment was a lesser included offense but *not* instruct the jury that it was a lesser nonincluded offense. Therefore, we conclude that defendant preserved this issue.

### B.

■ The prohibitions against double jeopardy in the Sixth Amendment and Colo. Const. art. 2, § 18, protect an accused from being placed in jeopardy twice for the same offense. *People v. Lopez*, 97 P.3d 223 (Colo. App.2004), *aff'd*, 113 P.3d 713 (Colo.2005); *see Deutschendorf v. People*, 920 P.2d 53 (Colo.1996). Therefore, an accused will not be subject to multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. *Patton v. People*, 35 P.3d 124 (Colo.2001).

■ A defendant may not be convicted of more than one offense if one offense is the lesser included offense of the other. Section 18–1–408(1)(a), C.R.S.2004; *People v. Moore*, 877 P.2d 840 (Colo.1994); *Armintrout v. People*, 864 P.2d 576 (Colo.1993).

### C.

■ The evidence showed that, while running away, defendant turned, aimed the gun at Officer Carlson, and appeared to fire it. Based on this conduct, he was charged with attempting to murder Officer Carlson and first degree assault on a peace officer. As permitted by the court's instructions and the jury verdict form, the jury returned verdicts of guilty of reckless endangerment as a lesser included offense of attempted murder and as a lesser nonincluded offense of first degree assault. Thus, defendant was convicted of recklessly endangering Officer Carlson twice based on the same conduct.

While standing on the roof, defendant pointed the gun at Officer Gasner. Based on this conduct, defendant was charged with attempted murder and first degree assault on a peace officer. The court's instructions and the verdict form were the same as those pertaining to Officer Carlson. And, again, defendant was convicted of recklessly endangering Officer Gasner twice based on the very same conduct.

We conclude that, because the duplicate convictions of reckless endangerment with regard to each officer were based on identical acts, they violated defendant's right to be free from double jeopardy. Therefore, defendant's conviction of counts 12 and 14,

which were premised on reckless endangerment as nonincluded offenses of first degree assault, must be vacated.

### D.

■ We also conclude that defendant's conviction of count 13, recklessly endangering Officer Rodriguez, must be vacated.

■ Conviction of a greater offense precludes a corresponding conviction of a lesser included offense predicated upon the same conduct. *Patton v. People, supra; People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

Here, defendant pointed the gun and fired at Officer Rodriguez. Based on this conduct, he was charged with attempted murder and first degree assault on a peace officer. The court correctly concluded that reckless endangerment was a lesser included offense of attempted murder of Officer Rodriguez, and instructed the jury accordingly. Nonetheless, because the court concluded that reckless endangerment was a lesser nonincluded offense of first degree assault on a peace officer, and added a reckless endangerment charge in count 13, it permitted the jury to convict defendant of that count in addition to the attempted murder charge in count 2. Neither party disputes that reckless endangerment is a lesser included offense of attempted first degree murder.

Consequently, defendant was convicted of both the greater and the lesser included offense predicated on the same conduct. Therefore, defendant's conviction of count 13 must be vacated.

The judgment is affirmed, except that it is vacated as to defendant's conviction of counts 12, 13, and 14, and the case is remanded to vacate the related sentences and to revise the mittimus accordingly. Because the related sentences were to run concurrently with all other sentences, the length of defendant's prison sentence is not affected. We also note that, although defendant was acquitted of count 4, the mittimus states that the sentences in counts 2 and 9 are to run consecutively to count 4 and the sentences in all other counts are to run concurrently with count 4. Therefore, the court must also correct the mittimus to remove references to sentencing related to count 4.

Judge TAUBMAN and Judge KAPELKE ** concur.