JUDGE GABRIEL specially concurring.
¶ 87 I agree with much of the majority's analysis in this case. I write separately, however, because unlike the majority, I have *537 substantial questions as to the admissibility of the DVD of E.S.'s entire interview and the purported res gestae evidence. Because I believe that any error in the admission of this evidence was harmless, however, I agree that the judgment should be affirmed.
I. Background
¶ 88 The majority lays out the factual background of this case well. For purposes of my analysis, I need only emphasize that (1) Miranda was acquitted of many of the charges that were filed against him, including, importantly, the charges alleging a pattern of abuse; and (2) Miranda's convictions arose out of the so-called "truth or dare" incident, and these convictions were supported by both testimonial and forensic evidence, including the blue washcloth containing Miranda's semen that was found in Miranda's car, which strongly supported E.S.'s account of the "truth or dare" incident.
II. Preservation Issues
¶ 89 As a preliminary matter, I note two preservation issues.
¶ 90 First, the majority concludes that Miranda did not preserve his confrontation argument for appeal. At oral argument, however, the People conceded that the argument was preserved, and I see no reason to dispute their position, which I believe is supported by the record. Nonetheless, I agree that Miranda's confrontation rights were not violated, for the reasons set forth by the majority.
¶ 91 Second, in Part V.A of the majority opinion, the majority states that Miranda's motion for a judgment of acquittal preserved his argument that the evidence was insufficient to support the two attempted sexual assault convictions concerning V.M. To the extent that the majority is suggesting otherwise, I note my view that Miranda was not required to move for a judgment of acquittal to preserve his sufficiency argument for appeal. See People v. Randell, 2012 COA 108, ¶ 30, 297 P.3d 989, 997-98.
III. DVD of E.S.'s Forensic Interview
¶ 92 Miranda asserts that the trial court reversibly erred in admitting the DVD of E.S.'s entire forensic interview under both section 13-25-129, C.R.S.2013, and the theory of prior consistent statements.
¶ 93 Section 13-2 5-129 (1) provides, in pertinent part:
An out-of-court statement made by a child, as child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration, as defined in section 18-3-401, C.R.S., performed with, by, on, or in the presence of the child declarant ... is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense, as defined in section 18-3-411(1), C.R.S., or is a victim of incest, as defined in section 18-6-301, C.R.S., when the victim was less than fifteen years of age at the time of the commission of the offense....
¶ 94 By its terms, this statute limits admissible child hearsay to statements describing acts of sexual contact, intrusion, or penetration. Nonetheless, divisions of this court have consistently held that when a child hearsay statement is admissible, evidence establishing the surrounding circumstances of the alleged sexual conduct is often necessary to provide an adequate description of that conduct. See, e.g., People v. Whitman, 205 P.3d 371, 382 (Colo.App.2007) ; see also People v. Serna, 738 P.2d 802, 804 (Colo.App.1987) (noting that "the attendant circumstances are often necessary to provide an adequate description of the alleged sexual conduct," and concluding that an alleged victim's statements that "provided descriptive information about the sexual conduct alleged" were within the scope of section 13-25-129 ).
¶ 95 Here, however, I do not believe that everything on the DVD of E. S.'s entire forensic interview can be said to reflect the surrounding circumstances of the sexual conduct at issue. Of particular concern to me is the forensic interviewer's statement to E.S. that "our job is to make sure that you are safe and that doesn't happen to you again.
*538 Because what you did was not your fault. He's the grownup.... And it's not okay to do that to kids." It is not clear to me how one could characterize this statement as establishing the surrounding circumstances of the alleged sexual conduct. Accordingly, I am not persuaded that the DVD of E. S.'s entire interview was admissible under the child hearsay statute.
¶ 96 Similarly, I am not persuaded that the DVD was admissible as a prior consistent statement offered to rehabilitate E.S. after her credibility was attacked. Notwithstanding Miranda's assertions to the contrary, I agree with the majority that Miranda's theory of the case went beyond a simple denial of the allegations against him and that he, in fact, attacked E.S.'s credibility. Accordingly, I also agree with the majority that under People v. Eppens, 979 P.2d 14, 21 (Colo.1999), and People v. Elie, 148 P.3d 359, 362-63 (Colo.App.2006), E.S.'s prior consistent statements were admissible to rehabilitate her. Unlike my colleagues, however, it is not clear to me that the DVD of E. S.'s entire interview can be characterized as such a prior consistent statement. Indeed, it appears undisputed that the DVD contained consistent and inconsistent statements, as well as many statements that were neither consistent nor inconsistent statements, including the above-referenced statement of the interviewer.
¶ 97 For these reasons, I question the trial court's decision to admit the DVD of the entire interview, and I respectfully submit that the better practice would have been for the prosecution to proffer more specific parts of the DVD and for the court to make more precise determinations regarding which portions of the DVD would be admitted and on what basis. Nonetheless, assuming without deciding that the court erred in admitting the DVD of the entire interview, I am not persuaded that any error here was so prejudicial as to require reversal. As noted above, Miranda was acquitted of many of the charges that were filed against him, suggesting that the jury was well able to assess the properly admitted evidence regarding the various charges. See People v. Delgado-Elizarras, 131 P.3d 1110, 1112-13 (Colo.App.2005) (noting that the defendant's acquittal of an alleged assault and the fact that he was convicted only of lesser included offenses of the other crimes charged showed that the jury based its verdicts on the evidence of the defendant's conduct at the scene and not on improper propensity evidence; thus, any error in the admission of the other acts evidence at issue was harmless). Moreover, I believe that the evidence concerning the "truth or dare" incident, which formed the basis for Miranda's convictions, was very strong, particularly given the above-described forensic evidence relating to that incident.
¶ 98 Accordingly, I would deem any error in the admission of the DVD of E. S.'s entire forensic interview harmless.
IV. Purported Res Gestae Evidence
¶ 99 Miranda further contends that the trial court reversibly erred in admitting seven other acts as res gestae evidence.
¶ 100 Res gestae evidence is defined as
"matter incidental to the main fact and explanatory of it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, and without a knowledge of which the main fact might not be properly understood. They are ... the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it and serve to illustrate its character."
Woertman v. People, 804 P.2d 188, 190 n. 3 (Colo.1991) (quoting Martinez v. People, 55 Colo. 51, 53-54, 132 P. 64, 65 (1913) ). Thus, res gestae evidence is generally linked in time and circumstances with the charged crime, forms an integral and natural part of an account of a crime, or is necessary to complete the story of the crime for the jury. People v. Quintana, 882 P.2d 1366, 1373 (Colo.1994).
¶ 101 Here, the timing of the seven other acts that the court admitted as res gestae was vague at best. Thus, I have difficulty determining whether these incidents explained the main facts and were so closely connected to them as to constitute a part of the transaction, without a knowledge of which the main facts might not be properly *539 understood. See Woertman, 804 P.2d at 190 n. 3. Nor without a clear time frame for the seven acts at issue can I discern how those acts grew out of the main facts and were contemporaneous with them. See id. Rather, to me, they appear to be a series of individual acts of inappropriate sexual conduct that should have been subjected to CRE 404(b) analysis under People v. Spoto, 795 P.2d 1314, 1318-19 (Colo.1990), and section 16-10-301, C.R.S.2013 (providing for the admission of other acts evidence in cases involving sex offenses). This analysis would have required the prosecution, among other things, to identify a precise evidential hypothesis to support the admission of these other acts and to demonstrate that such acts were admitted independent of the prohibited inference that Miranda was a person of bad character who acted in conformity with that bad character here. See Spoto, 795 P.2d at 1318-19. In addition, admission of the evidence under CRE 404(b) or section 16-10-301, C.R.S.2013, would have required the court to give appropriate limiting instructions to the jury, ensuring that the jury would have considered the evidence only for proper purposes. See § 16-10-301(4)(d) ; People v. Garner, 806 P.2d 366, 374 (Colo.1991).
¶ 102 I am not persuaded otherwise by the majority's analysis of this issue. The majority states that no Colorado case has announced a temporal limitation on res gestae evidence, but I believe that Woertman and the cases on which it relies show otherwise. See Woertman, 804 P.2d at 190 n.3 (noting that res gestae evidence must be "contemporaneous" with the main facts). In addition, although the majority makes a compelling case as to why the other acts at issue here were relevant, our supreme court has made clear that res gestae evidence is distinct from evidence that is simply relevant. People v. Greenlee, 200 P.3d 363, 368 (Colo.2009). And as noted above, res gestae evidence has a specific and narrow meaning. See Quintana, 882 P.2d at 1373 ; Woertman, 804 P.2d at 190 n. 3. Thus, it cannot be construed so broadly as to allow an end run around the applicable rules of evidence, including most notably CRE 404(b).
¶ 103 Accordingly, I am not convinced that the seven other acts at issue here were properly admitted as res gestae. Nonetheless, for the reasons set forth above in connection with my discussion of the admission of the DVD of E. S.'s entire forensic interview, I conclude that any error in the admission of these seven incidents was harmless because (1) Miranda was acquitted of the majority of the charges against him, including all of the pattern counts, suggesting that the jury was not unfairly prejudiced by any improperly admitted res gestae evidence, see Delgado-Elizarras, 131 P.3d at 1112-13 ; and (2) the evidence on the counts of which Miranda was convicted was very strong.
V. Conclusion
¶ 104 For these reasons, I join all but Parts II.A, II.B.1, and III.A of the majority opinion, and I concur in the result reached by the majority in this case.