169 P.3d 235
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Vincent TRUJILLO, Defendant-Appellant.
No. 05CA1389.
Colorado Court of Appeals, Div. VI.
May 31, 2007.
Certiorari Denied October 9, 2007.
[169 P.3d 237]
        John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.
        Vincent Trujillo, Pro Se.
        Opinion by Judge GRAHAM.
 
        Defendant, Vincent Trujillo, filed a postconviction motion claiming that his aggravated range sentence was unconstitutionally imposed and that his appellate counsel provided ineffective assistance. The trial court denied his motion without holding a hearing. We affirm the order.
        Defendant also filed a supplemental postconviction motion alleging ineffective assistance of trial counsel for failure to investigate and discover exculpatory evidence and to seek a reduction in sentence, which motion had not been ruled upon at the time defendant filed his notice of appeal. We decline to address defendant's supplemental claims because they were not considered below, and we dismiss this part of the appeal.
        Defendant was convicted of first degree assault, tampering with physical evidence, and attempted second degree murder. He was sentenced to concurrent prison terms of thirty-two years for assault, twenty-four years for attempted murder, and eighteen months for tampering. His convictions were affirmed on direct appeal. People v. Trujillo, 2003 WL 22351925 (Colo.App. No. 01 CA2273, Oct. 10, 2003)(not published pursuant to C.A.R. 35(f)).
        His subsequent Crim. P. 35(c) motion was denied without a hearing, and this appeal followed.
        When the motion, the files, and the record clearly establish that a defendant is not entitled to relief on a Crim. P. 35(c) motion, the trial court may deny the motion without a hearing. Ardolino v. People, 69 P.3d 73, 77 (Colo.2003); People v. Kendrick, 143 P.3d 1175, 1177 (Colo.App.2006).
        We review the trial court's summary denial of the motion de novo. See People v. Long, 126 P.3d 284, 286 (Colo.App.2005).
I. Sentence
        Defendant argues that he was entitled to relief under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree.
        Defendant did not receive an aggravated range sentence. He was convicted of first degree assault under § 18-3-202(1)(a), C.R.S.2006. This is a class three felony that is a per se crime of violence and an extraordinary risk crime. It therefore triggers a special penalty range of ten to thirty-two years under the combined operation of four related statutes:
        First, § 18-1.3-401(1)(a)(V)(A), C.R.S. 2006, sets the presumptive range for class three felonies at four to twelve years.
        Second, § 18-3-202(2)(c), C.R.S.2006, provides that first degree assault is a per se crime of violence. See Terry v. People, 977 P.2d 145, 148 (Colo.1999).
        Third, § 18-1.3-401(10)(a), C.R.S.2006, increases, to sixteen years, the maximum of the presumptive range for any class three felony that qualifies as an extraordinary risk crime. Defendant's offense qualifies as an extraordinary risk crime under § 18-1.3-401(10)(b)(XII), C.R.S.2006, because it is a per se crime of violence that requires proof of serious bodily injury and the use of a deadly weapon. See § 18-3-202(1)(a); People v. Banks, 9 P.3d 1125, 1131-32 & n. 10 (Colo.2000).
        Fourth, § 18-1.3-406(1)(a), C.R.S.2006, provides: "Any person convicted of a crime of violence shall be sentenced ... for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense ... as modified for an extraordinary risk crime ...."
169 P.3d 238
        Defendant's thirty-two-year sentence lies within the special penalty range defined by the legislature. It therefore does not violate the rules stated in Apprendi and Blakely. See People v. Hogan, 114 P.3d 42, 59 (Colo. App.2004).
        To the extent that defendant also raises a claim that when added to his term of mandatory parole, his sentence exceeded the maximum of the presumptive range, we reject that claim for the reasons stated in People v. Kendrick, supra, 143 P.3d at 1177 (presumptive range of penalties referred to in Apprendi and Blakely is only that portion of the sentence that subjects the defendant to incarceration or imprisonment).
        We therefore conclude that defendant's sentence did not violate Apprendi or Blakely and the trial court did not err in denying defendant's postconviction motion on that basis.
II. Ineffective Assistance
        We also conclude that the trial court correctly denied defendant's claims of ineffective assistance of appellate counsel. Defendant's claims that counsel should have raised additional issues in the direct appeal are unavailing.
        To prevail on a claim of ineffective assistance, a defendant has the burden to show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). A reviewing court must evaluate counsel's performance from his perspective at the time of the representation, ignoring the distorting effects of hindsight. Davis v. People, 871 P.2d 769, 772 (Colo.1994). The defendant must overcome a strong presumption that the challenged action may have been sound trial strategy. Strickland v. Washington, supra, 466 U.S. at 689, 104 S.Ct. at 2065.
        Additionally, an error of counsel does not justify setting aside a judgment unless the defendant can establish that he was prejudiced by the error. Davis v. People, supra, 871 P.2d at 772.
        Claims of ineffective assistance of appellate counsel may stem from allegations that counsel failed to perfect an appeal or, having perfected the appeal, counsel failed to present the case effectively by overlooking a meritorious argument that was more likely to succeed than the argument presented. See People v. Long, supra, 126 P.3d at 286.
        Appellate counsel is not required to raise on appeal every nonfrivolous issue a defendant desires to raise. See Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."); People v. Rodriguez, 914 P.2d 230, 303 (Colo.1996) (rejecting claim that appellate counsel rendered ineffective assistance by failing to raise all available issues on appeal).
        "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome," even in the context of a direct appeal. Ellis v. Hargett, 302 F.3d 1182, 1189 (10th Cir.2002) (quoting Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir.2002)); see People v. Long, supra, 126 P.3d at 286.
        Here, defendant asserts that appellate counsel should have raised the following additional issues on direct appeal:
        • His show-up identification was illegal.
        • A mistrial should have been granted because defendant was observed by the jury while he was in restraints.
        • The trial court refused to instruct on a theory of defense.
        • The trial court refused to instruct on third degree assault as a lesser included offense.
        Defendant also asserts that appellate counsel failed to seek reconsideration of his sentence.
        Defendant fails to allege that the potential appellate issues were stronger or had a better chance of prevailing than the confrontation and insufficiency of evidence claims which appellate counsel raised in the direct
169 P.3d 239
appeal. See Ellis v. Hargett, supra, 302 F.3d at 1189; People v. Long, supra, 126 P.3d at 286. In the absence of such an allegation, the trial court was correct in denying defendant's motion without a hearing. The bare allegation of failure to assert the additional claims does not overcome the presumption that appellate counsel's choice was the result of a strategic election.
        Further, even if counsel's choice of issues were in error, defendant has not suffered any prejudice. Based on our review of the record, we conclude he would not have prevailed on the additional issues for the following reasons:
A. One-on-One Show-Up
        The trial court correctly ruled that, based upon the totality of the circumstances, and under the factors set forth in People v. Williams, 183 Colo. 241, 516 P.2d 114 (1973), the one-on-one showup was not unlawful. Where the identifying witness observed the assault, observed defendant, spoke with defendant, and positively identified him within minutes of the assault, there was no reasonable likelihood that the identification was tainted by the showup procedure or that the identification was somehow unreliable. See People v. Young, 923 P.2d 145, 151 (Colo. App.1995).
B. Jury Observation of Defendant in Restraints
        Defendant's request for a mistrial should not have been granted because the record does not show that defendant appeared in court in restraints. Instead, the record indicates that when defendant left the courtroom through the side door at a recess, he was escorted back to his holding cell in restraints. Although some of the jurors may have been milling around in the hallway, it is not certain that they saw defendant or, if so, they saw his restraints. In any event, there is no suggestion that the restraints were unnecessary where defendant was being escorted in a public hallway. See People v. James, 40 P.3d 36, 41 (Colo.App.2001); see also People v. Dooley, 944 P.2d 590, 596 (Colo.App.1997) (mistrial is not a favored remedy, and it is difficult to overturn the discretion of the trial court in refusing to grant a mistrial).
C. Theory of Defense Instruction
        Contrary to defendant's assertion, his tendered instruction on a theory of defense was in fact given. Instruction No. 4 stated:
        Mr. Trujillo contends that he did not stab Mr. Rodriguez. He contends that he had been with his uncle ... for most of the day drinking and riding on the bus and they got off the bus on Colfax. He contends that [his uncle] stabbed Mr. Rodriguez and then handed the knife to him. Mr. Trujillo contends that he ran from the scene and threw the knife. Mr. Trujillo contends that when the police arrested him, he told them that his uncle did it.
        Mr. Trujillo contends that he did not stab or harm Mr. Rodriguez in any way.
D. Third Degree Assault Instruction
        The trial court properly refused a tendered instruction on the lesser nonincluded offense of third degree assault because there was no evidence upon which the jury could have rationally acquitted defendant of the greater offense of first degree assault and convicted him of the lesser offense.
        The evidence in the record shows that defendant and a companion assaulted the victim with a gun and a knife. One assailant pointed a gun at the victim and demanded his money. When the victim refused, the other assailant, defendant, struck him. It is undisputed that the victim was stabbed. Nothing in the record would support a finding that the person who stabbed the victim did so with a mental state less culpable than intentionally. See People v. Sparks, 914 P.2d 544, 547 (Colo.App.1996). Also the degree of injury here would not support a third degree assault instruction. See People v. Thompson, 187 Colo. 252, 256, 529 P.2d 1314, 1316 (1975).
        That part of the appeal concerning the supplemental claims is dismissed. The order is affirmed.
        Judge DAILEY and Judge RUSSEL concur.