22CA1206 Peo v Cook 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1206
Arapahoe County District Court No. 04CR3080
Honorable Ben L. Leutwyler III, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Steven Matthew Cook,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Lipinsky and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Philip J. Weiser, Attorney General, Katherine Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Steven Matthew Cook, Pro Se

¶ 1    Defendant, Steven Matthew Cook, appeals the postconviction court's June 3, 2022, order denying several of his requests for postconviction relief. We affirm.

## I.    Background

¶ 2    In 2014, a jury convicted Cook of twenty-nine counts of child-related sex offenses on retrial. On direct appeal, a division of this court affirmed the convictions and issued its mandate on January 28, 2015. *People v. Cook*, 2014 COA 33 (*Cook I*).

¶ 3    In late April 2015, before he filed his first pro se petition for postconviction relief, Cook filed a motion asking the court to appoint postconviction counsel for him. On May 1, 2015, the court granted Cook's motion. Even though the court had granted his request to appoint postconviction counsel two and a half weeks earlier, Cook filed a pro se petition for postconviction relief on May 18, 2015. In this pro se Crim. P. 35(c) motion, Cook alleged, among other things, that trial counsel rendered ineffective assistance by failing to present an alibi and alternate suspect defense focusing on R.R. as the perpetrator. Three days after Cook filed his May 2015 pro se Crim. P. 35(c) motion, the postconviction court summarily

denied it, "except to the extent that post-conviction counsel finds grounds for relief that haven't been previously addressed."

¶ 4    On October 28, 2016, Cook's court-appointed postconviction counsel filed a Crim. P. 35(c) motion.  In that motion, postconviction counsel raised two claims for relief but didn't reassert any of the contentions that Cook raised in his May 2015 pro se Crim. P. 35(c) motion.  The postconviction court summarily denied one of the claims in counsel's Crim. P. 35(c) motion without a hearing and denied the other claim after an evidentiary hearing.

¶ 5    In August 2017, Cook appealed, contending the postconviction court erred by denying the claims raised in counsel's October 2016 Crim. P. 35(c) motion.  Cook didn't challenge the court's summary disposition of the claims he raised in his May 2015 pro se Crim. P. 35(c) motion.  *People v. Cook*, (Colo. App. No. 17CA1355, Nov. 19, 2020) (not published pursuant to C.A.R. 35(e)) (*Cook II*).  The division affirmed.  *Id.*

¶ 6    While *Cook II* was pending, Cook filed several more pro se postconviction motions.  On May 9, 2017, Cook filed a pro se motion seeking postconviction DNA testing.  In this motion, Cook argued that DNA samples collected during the initial investigation

2

that weren't tested "could have possibly belonged to [R.R.] or to another suspect," effectively reraising issues around trial counsel's failure to pursue an alternate suspect defense. The court declined to take action on Cook's motion because he was represented by counsel at the time, noting that "[t]he Court will not consider pro se motions filed by [Cook] while he is represented."

¶ 7 On January 30, 2018, also while the appeal in *Cook II* was pending, Cook filed another pro se Crim. P. 35(c) motion, in which he argued, among other things, that his appointed direct appeal counsel rendered ineffective assistance because he failed to raise the issue that DNA evidence of alternative suspects should have been pursued at trial. The court issued an order stating that, due to the pendency of the appeal in *Cook II*, it didn't have jurisdiction to consider Cook's January 2018 Crim. P. 35(c) motion and would thus take "no further action on [it]."

¶ 8 While *Cook II* was still pending, Cook filed two pro se motions for clarification — one in December 2020 and the other in January 2021 — seeking an update on the status of his January 2018 pro se Crim. P. 35(c) motion. The court issued an order on January 26,

2021, stating that it "can take no action . . . until the case is returned to the district court by the court of appeals."

¶ 9     The court of appeals issued its mandate in *Cook II* on April 14, 2021.

¶ 10    On May 17, 2021, Cook filed a pro se motion to correct an illegal sentence pursuant to Crim. P. 35(a). Finding that Cook didn't allege that his sentence was illegal under the law or illegally imposed, the postconviction court analyzed Cook's Crim. P. 35(a) motion as a Crim. P. 35(c) motion. The postconviction court denied the motion without a hearing, and Cook appealed that decision.

¶ 11    On October 19, 2021, Cook filed his fourth pro se Crim. P. 35(c) motion. In that motion, he asserted ten claims, including that postconviction counsel rendered ineffective assistance because she didn't reassert the claims raised in his May 2015 pro se Crim. P. 35(c) motion, including his claim that trial counsel failed to investigate alibi and alternate suspect defenses focusing on R.R. On October 21, 2021, the postconviction court entered an order noting that "the record is clear" that Cook's October 2021 pro se Crim. P. 35(c) motion "should be denied as a successive postconviction claim," but stating that it couldn't take any formal

4

action on such motion because of the pendency of Cook's appeal of the denial of his pro se Crim. P. 35(a) motion.

¶ 12    On October 25, 2021, Cook filed a "request to obtain a ruling and order on outstanding Crim. P. 35(c) motions," arguing, among other things, that the claims from his May 2015 pro se Crim. P. 35(c) motion should proceed to an evidentiary hearing.  Two days later, the postconviction court entered an order noting that it was taking "no action" on Cook's October 25 request because his appeal of the denial of his Crim. P. 35(a) motion was still pending and, therefore, the court didn't have jurisdiction to rule on the request.

¶ 13    In early March 2022, Cook filed a motion and supporting affidavit to dismiss his Crim P. 35(a) appeal, and this court dismissed that appeal on March 22, 2022.

¶ 14    On April 7, 2022, Cook refiled his "request to obtain a ruling and order on his outstanding post-conviction motions alleging ineffective assistance of trial, appellate, and postconviction counsel pursuant to Crim. P. 35(c)."  On April 15, 2022, Cook filed a "request to obtain a ruling and order on his outstanding post-conviction motion for DNA testing and appointment of counsel."  On May 26, 2022, Cook filed a "request for status on [his] motion to

obtain a ruling and order on outstanding postconviction motions alleging ineffective assistance of trial, appellate, and postconviction counsel and to obtain additional DNA testing."

¶ 15 On June 3, 2022, the postconviction court issued a thorough nineteen-page written order addressing the three requests that Cook filed in April and May 2022. In it, the postconviction court denied Cook any postconviction relief without a hearing or appointing counsel.

## II. General Legal Principles and Standard of Review Applicable to Ineffective Assistance of Counsel Claims

¶ 16 To succeed on a Crim. P. 35(c) ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that (1) counsel performed deficiently and (2) counsel's deficient performance prejudiced the defendant. *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 6 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To satisfy the deficiency prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Whether counsel acted reasonably during the representation is measured by the totality of the circumstances and then-existing prevailing

6

professional standards. *See Davis v. People*, 871 P.2d 769, 772 (Colo. 1994) (citing *Strickland*, 466 U.S. at 688-90). Generally, there is a strong presumption that counsel's decisions fell within a wide range of reasonable possibilities. *See Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007) (citing *Strickland*, 466 U.S. at 689). To establish prejudice, a defendant must demonstrate that, but for counsel's deficient conduct, there is a reasonable probability that the outcome of the proceeding would've been different. *See Davis*, 871 P.2d at 772.

¶ 17    A Crim. P. 35(c) claim is considered successive when a defendant has raised and a postconviction court has resolved the claim, or when a defendant could have raised the claim in a prior appeal or postconviction proceeding and didn't do so. Crim. P. 35(c)(3)(VI), (VII).

¶ 18    Whether a Crim. P. 35(c) motion sufficiently states a claim for relief is a legal determination. *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005). Accordingly, we review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Wilson*, 397 P.3d 1090, 1094 (Colo. App. 2011) (citing *Long*, 126 P.3d at 286), *aff'd*, 2015 CO 37. We may affirm a postconviction

court's decision on any grounds supported by the record, even if those grounds differ from those on which the postconviction court relied. *See People v. Aarness,* 150 P.3d 1271, 1277 (Colo. 2006); *People v. Dyer,* 2019 COA 161, ¶ 39.

## III. Analysis

¶ 19 On appeal, Cook argues, among other contentions, that he is entitled to a hearing on his alternate suspect claim (which he first advanced in his May 2015 pro se Crim. P. 35(c) motion). It appears that Cook packages his alternate-suspect Crim. P. 35(c) claim as four distinct ineffective assistance of counsel claims. Those claims, as best we can discern them, are: (1) trial counsel rendered ineffective assistance by failing to raise an alternate suspect defense focusing on R.R.; (2) direct appeal counsel rendered ineffective assistance by failing to raise the issue that DNA evidence of an alternate suspect should have been pursued, effectively reraising the alternate suspect defense issue; (3) postconviction counsel rendered ineffective assistance because she didn't reraise his original Crim. P. 35(c) claims from his May 2015 motion, including his claim about the alternate suspect defense; and (4) postconviction appellate counsel rendered ineffective assistance

because she was required to reraise the Crim. P. 35(c) claims from his May 2015 motion, including his claim about the alternate suspect defense, as required, he says, by this court's decisions in *People v. Smith*, 2022 COA 56 (*Smith I*), rev'd, 2024 CO 3 (*Smith II*), and *People v. Nozolino*, 2023 COA 39.

¶ 20 Cook's alternate-suspect Crim. P. 35(c) claim, in any iteration, never proceeded to a hearing, so we review its denial, in each of its iterations, de novo. *See Long*, 126 P.3d at 286.

## A. Ineffective Assistance of Trial Counsel

¶ 21 In his May 2015 pro se Crim. P. 35(c) motion, Cook alleged that trial counsel rendered ineffective assistance by failing to present an alibi or alternate suspect defense focusing on R.R. The postconviction court summarily denied this claim because Cook had been appointed counsel before he filed his motion. We discern no error.

¶ 22 Courts routinely decline to consider pro se pleadings filed by represented defendants because "[a] defendant . . . does not have a right to demand 'hybrid' or mixed representation." *People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989). When a represented defendant files a pro se pleading, "a court . . . may ignore [it]."

9

*People v. Gess*, 250 P.3d 734, 737 (Colo. App. 2010); *see also People v. Plancarte*, 232 P.3d 186, 194 (Colo. App. 2009) ("[T]he court does not consider pro se pleadings filed by represented parties.").

¶ 23     Cook filed his first pro se Crim. P. 35(c) motion on May 18, 2015, seventeen days after the court appointed him counsel at his request.  Accordingly, Cook had appointed counsel when he filed his May 2015 pro se Crim. P. 35(c) motion and the postconviction court didn't have an obligation to consider it.  *See Gess*, 250 P.3d at 737.  Thus, we conclude that the postconviction court properly denied Cook's May 2015 pro se Crim. P. 35(c) motion without a hearing.  And the postconviction court properly denied as successive Cook's attempt to revive his May 2015 pro se Crim. P. 35(c) motion as an ineffective assistance of trial counsel claim. *See* Crim. P. 35(c)(3)(VI).

## B.     Ineffective Assistance of Direct Appeal Counsel

¶ 24     In his January 2018 pro se Crim. P. 35(c) motion, Cook argued that direct appeal counsel rendered ineffective assistance by failing to argue that alternate suspect DNA evidence should have been admitted at trial.  The postconviction court denied this claim as successive.  Again, we discern no error.

¶ 25    The *Strickland* standard for ineffective assistance of counsel

also applies to an ineffective assistance of appellate counsel claim.

*People v. Dunlap,* 124 P.3d 780, 795 (Colo. App. 2004).  But to

proceed to a hearing on an ineffective assistance of appellate

counsel claim, a defendant must also allege that the "ignored issues

are clearly stronger than those presented" by appellate counsel to

overcome the presumption in favor of effective assistance.  *People v.*

*Trujillo,* 169 P.3d 235, 238 (Colo. App. 2007).

¶ 26    Cook's court-appointed postconviction counsel didn't include

this claim against direct appeal counsel in counsel's October 2016

Crim. P. 35(c) motion.  As the postconviction court correctly held,

the claim is therefore barred as successive under Crim. P.

35(c)(3)(VI) because it could have been, but wasn't, raised in a prior

motion for postconviction relief.  Accordingly, the postconviction

court correctly denied Cook's ineffective assistance of direct appeal

counsel claim.

¶ 27    Further, even if this claim isn't barred as successive, the

postconviction court still properly denied it without a hearing for

two independent reasons.  First, Cook can't overcome *Strickland*'s

deficient performance prong because the record indicates that

11

direct appeal counsel argued that the court's ruling on alternate suspect DNA evidence was erroneous, as evidenced by *Cook I*, ¶¶ 44-45. (Further, for this same reason it couldn't have been deficient performance by postconviction counsel to fail to assert this claim of deficient performance of direct appeal counsel.) Second, Cook failed to adequately plead an ineffective assistance of direct appeal counsel claim; to state a claim for ineffective assistance of direct appeal counsel, Cook also needed to assert that the allegedly "ignored" claim that alternate suspect DNA evidence should have been pursued at trial was stronger than the claims that direct appeal counsel pursued. *See Trujillo*, 169 P.3d at 238. But Cook failed to do so in his January 2018 pro se Crim. P. 35(c) motion.

C.  Ineffective Assistance of Postconviction Counsel

¶ 28    In his October 2021 pro se Crim. P. 35(c) motion, Cook contends that his postconviction counsel rendered ineffective assistance by failing to reraise the claims in his May 2015 pro se Crim. P. 35(c) motion, including the claim that trial counsel failed to present an alibi or alternate suspect defense focusing on R.R. In its June 3, 2022 order, the postconviction court denied the claim as "duplicative of post-conviction claims that [Cook] has previously

12

raised, and which have been previously [considered and] denied" either by the postconviction court or the court of appeals in *Cook I.* The postconviction court further observed, "That [Cook] now attempts to repackage these claims as ineffective assistance of post-conviction counsel does not change the fact that [Cook] has repeatedly raised these same underlying issues." We agree with the postconviction court's decision to deny this claim without a hearing, albeit for a reason other than successiveness.

¶ 29    Even assuming that repackaging Cook's original pro se ineffective assistance of trial counsel claim as a claim for ineffective assistance of postconviction counsel for abandoning the original claim can successfully evade the successiveness bar, *see People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002) (a claim of ineffective assistance of postconviction counsel isn't successive to a defendant's first postconviction motion), the court properly denied Cook's repackaged ineffective assistance of postconviction counsel claim without a hearing. This is because Cook didn't adequately plead either prong of *Strickland* as it pertains to ineffective assistance of postconviction counsel, *see Silva v. People*, 156 P.3d

1164, 1169 (Colo. 2007) (the two-prong *Strickland* test applies to claims of ineffective assistance of postconviction counsel).

¶ 30    Cook's May 2021 pro se motion makes the conclusory statement that "[p]ost[]conviction counsel was ineffective for failing to investigate claims brought in [Cook's] original [Crim. P.] 35(c) filing and abandoning issues from original filing." He then goes on to explain, again in general terms, that he didn't want his postconviction counsel to abandon these claims but counsel did so anyway. Based on this, he asserts that his "[p]ost[]conviction counsel was clearly ineffective for not investigating all original 35(c) claims."

¶ 31    These conclusory allegations aren't sufficient to adequately state a colorable claim for ineffective assistance of postconviction counsel. *See, e.g.*, *People v. Lopez*, 2015 COA 45, ¶ 58 ("Bare or conclusory allegations without supporting detail do not warrant an evidentiary hearing."); *People v. Osorio*, 170 P.3d 796, 800 (Colo. App. 2007). Cook doesn't explain which of the claims his postconviction counsel should have investigated, describe any investigatory steps postconviction counsel should have taken, or indicate what any such investigation may have yielded. This failure

to provide any detail warrants denial of the claim without a hearing. *See, e.g., People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003).

¶ 32 Nor does Cook explain how he was prejudiced by postconviction counsel's alleged failure to investigate. Presumably, the prejudice is that, had postconviction counsel conducted an additional (but unspecified) investigation into one or more of the abandoned claims, postconviction counsel would have asserted such claim and there is a reasonable probability that such a claim would have succeeded in securing postconviction relief. But Cook's October 2021 pro se motion lacks any explanation or factual allegations supporting any of the links in this causal chain.

¶ 33 Simply put, a general and conclusory assertion that counsel should have investigated five pro se claims that counsel abandoned isn't adequate to state a colorable claim of ineffective assistance of postconviction counsel. To conclude otherwise would "lead to infinite post-conviction proceedings," *Silva*, 156 P.3d at 1169, by permitting a defendant to repackage a plainly successive ineffective assistance of counsel claim as an ineffective assistance of postconviction counsel claim. Accordingly, the court properly denied Cook's claim for ineffective assistance of postconviction

15

counsel without a hearing.  *See Aarness*, 150 P.3d at 1277; *Dyer*, ¶ 39.

> D. Ineffective Assistance of Postconviction Appellate Counsel Under *Smith I* and *Nozolino*

¶ 34    Finally, Cook contends that, under *Smith I* and *Nozolino*, he is entitled to an evidentiary hearing on his alternate suspect claim because he never waived that claim and the postconviction court never properly considered its merits.  He appears to contend that postconviction appellate counsel was ineffective by failing to raise this contention.  However it's packaged, we disagree that there is a *Smith* or *Nozolino* problem anywhere in these proceedings.

¶ 35    In *Smith I*, a division of this court held that, when a postconviction court appoints counsel to represent a defendant in postconviction proceedings after the defendant filed a pro se Crim. P. 35(c) motion, and appointed counsel files a supplemental Crim. P. 35(c) motion that fails to include some of the defendant's pro se claims, a postconviction court can dispose of a defendant's pro se claims only when there has been a finding of waiver.  *Smith I*, ¶ 14.

¶ 36    But the supreme court reversed *Smith I*, holding that so long as an appointed attorney doesn't abandon all of a defendant's

16

postconviction claims, an attorney isn't required "to obtain her client's informed consent regarding strategic or tactical decisions, including as to which individual claims to raise or to abandon in pursuing a Crim. P. 35(c) motion." *Smith II*, ¶ 29. Indeed, as to deciding which postconviction claims to pursue, "an attorney has the authority to make tactical decisions with which the client disagrees." *Id.* (citing *Arko v. People*, 183 P.3d 555, 558 (Colo. 2008)).

¶ 37     In other words, appointed counsel, as captain of the postconviction ship, has the authority to decide which postconviction claims to pursue and which to abandon without obtaining the defendant's approval, "much less his informed consent," so long as counsel doesn't move to dismiss defendant's Crim. P. 35(c) motion in full. *Id.* at ¶ 30. Thus, there was nothing improper about appointed counsel declining to pursue any of the claims asserted in Cook's May 2015 pro se Crim. P. 35(c) motion without obtaining his consent.

¶ 38     Cook's reliance on *Nozolino* doesn't fare any better. In *Nozolino*, the postconviction court summarily denied most of the defendant's pro se Crim. P. 35(c) claims before appointing counsel,

and it appointed counsel specifically to represent the defendant on just the surviving claims. *Nozolino*, ¶ 11. The division held that the postconviction court didn't follow the procedures of Crim. P. 35(c)(3)(V) because the rule requires that counsel be appointed before any denial of pro se claims if any one of the claims is potentially meritorious. *Nozolino*, ¶¶ 16, 28. Cook, however, was appointed postconviction counsel *before* he asserted any postconviction claims. And the postconviction court, in denying Cook's May 2015 pro se Crim. P. 35(c) motion, made clear that it was denying those claims "except to the extent that post-conviction counsel finds grounds for relief that haven't been previously addressed." In other words, appointed postconviction counsel had unfettered latitude to assert any claims counsel thought meritorious, including the claims in Cook's May 2015 pro se Crim. P. 35(c) motion. Thus, *Nozolino* doesn't provide Cook with any basis for relief.

## IV. Disposition

For the reasons set forth above, the postconviction court's June 3, 2022, order is affirmed.

JUDGE LIPINSKY and JUDGE GOMEZ concur.