24CA0144 Peo v Pellouchoud 11-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0144
Arapahoe County District Court No. 10CR1503
Honorable Ben L. Leutwyler III, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James K. Pellouchoud,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Brown and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 20, 2025

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Azizpour Donnelly, LLC, Katayoun A. Donnelly, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, James K. Pellouchoud, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.    Background

¶ 2    At a party in June 2010, Pellouchoud fired a gun at partygoers. Following a jury trial, he was convicted of four counts of attempted first degree murder, two counts of attempted second degree murder, one count of first degree assault, two counts of first degree burglary, one count of attempted second degree assault, two counts of menacing, one count of third degree assault, and two crime of violence counts.

¶ 3    During the nearly seven years between his arrest and trial, Pellouchoud received two competency evaluations at the Colorado Mental Health Institute at Pueblo (CMHIP). Both evaluations found that he was (1) legally sane when he committed the crimes and (2) competent to stand trial. In addition, Pellouchoud was represented by four different attorneys during those seven years. Three were private attorneys, and one was appointed by the court; all withdrew from the case due to trial strategy disagreements with Pellouchoud.

¶ 4      At a hearing in November 2016, Pellouchoud, who was then represented by court-appointed counsel, told the court he had no faith in his counsel and asked the court to dismiss counsel. The court found that no conflict existed to justify dismissing counsel and offered Pellouchoud the choice between proceeding with his existing counsel or continuing pro se. Pellouchoud opted to go pro se. After advising Pellouchoud pursuant to *People v. Arguello*, 772 P.2d 87 (Colo. 1989), the court found that Pellouchoud's decision to waive his right to counsel was knowing, intelligent, and voluntary. Thus, the court allowed him to proceed pro se with his prior appointed counsel acting as advisory counsel.

¶ 5      At a subsequent hearing, Pellouchoud indicated that he was having difficulty preparing for trial. The court explained that Pellouchoud's problems were likely a result of his decision to represent himself and asked him again whether he wanted to continue to represent himself. Pellouchoud affirmed his desire to proceed pro se, rather than to be represented by his former court-appointed attorney.

¶ 6      Five days before trial, one of Pellouchoud's previous attorneys re-entered his appearance and moved to continue the trial. On the

2

first day of trial, the court addressed counsel's continuance motion. That attorney argued that Pellouchoud was not capable of representing himself due to his history of medical and mental health issues, including a traumatic brain injury from being shot years earlier and post-traumatic stress disorder. Therefore, counsel argued, the court should reconsider its decision to allow Pellouchoud to proceed to trial pro se.

¶ 7 After reviewing the documentation submitted by counsel and the prior mental health evaluations, the court found that Pellouchoud was legally competent to represent himself. Consequently, the court denied the motion to continue. The court indicated that it based its decision, in part, on its observations of Pellouchoud throughout the proceedings. It noted that Pellouchoud had been coherent, thoughtful, and articulate, and had exhibited an understanding of the proceedings. Further, the court noted that (1) it gave Pellouchoud a proper *Arguello* advisement; (2) Pellouchoud knowingly, intelligently, and voluntarily waived his right to counsel; and (3) Pellouchoud continuously affirmed his desire to represent himself.

¶ 8    The court then denied the motion to continue the trial to allow counsel to represent Pellouchoud.  It engaged in a detailed analysis of the case's lengthy history and addressed each of the factors necessary to determining whether a continuance should be granted, as required by *People v. Brown*, 2014 CO 25, ¶ 24.  Ultimately, the court found no good cause to grant the continuance due to the age of the case, the numerous continuances previously granted, the multiple substitutions of counsel when no conflict existed, the timing of the most recent motion, the victims' objection to another continuance, and the court's view that the latest continuance motion was just another stalling tactic.

¶ 9    The court asked counsel if he would be able to proceed to trial as counsel for Pellouchoud that day.  Counsel responded that he was unable to represent Pellouchoud without a continuance.  The court excused counsel and Pellouchoud proceeded to trial pro se, with his former public defender providing support as advisory counsel.

¶ 10    On the fifth day of the trial, Pellouchoud failed to appear in court, and efforts by advisory counsel, the court, the prosecution, and the police department to locate him were unsuccessful.  The

4

court determined that Pellouchoud had voluntarily absented himself from the trial, and the trial continued in his absence. The jury found Pellouchoud guilty of the offenses as described above. He was later apprehended and sentenced to a total of eighty years in prison.

¶ 11     A division of this court affirmed Pellouchoud's convictions. *See People v. Pellouchoud*, (Colo. App. No. 17CA1698, Feb. 6, 2020) (not published pursuant to C.A.R. 35(e)). The division rejected Pellouchoud's contentions that the district court improperly (1) denied his request for substitution of court-appointed counsel; (2) determined that he had validly waived his right to counsel; and (3) denied his request for a continuance so that he could be represented by counsel of choice. *See id.*

¶ 12     In May 2023, Pellouchoud filed a Crim. P. 35(c) motion through private counsel. Counsel served the motion on the district attorney but also asked the court to appoint counsel and refer the postconviction motion to the public defender's office under Crim. P. 35(c)(3)(V). The postconviction motion asserted that (1) Pellouchoud's pretrial, appellate, and Crim. P. 35(b) attorneys each provided ineffective assistance; (2) the district court violated his

5

right to due process when it failed to recognize his incompetency before and during his trial; and (3) his eighty-year sentence is unconstitutional.

¶ 13 Two weeks after receiving Pellouchoud's motion, the district court ordered the district attorney to respond to the motion. Contemporaneously, the court denied Pellouchoud's request to appoint a public defender for his postconviction proceedings. The court noted that the language of Crim. P. 35(c)(3)(V) — requiring the court to refer a case to the public defender's office when a defendant's Crim. P. 35(c) postconviction motion requests appointment of counsel — was mandatory. However, the court found that appointing counsel for a defendant whose retained counsel already filed a postconviction motion would be absurd and a waste of resources, and that under these circumstances, Pellouchoud was not entitled to the appointment of counsel.

¶ 14 After receiving the district attorney's response and Pellouchoud's reply, the district court issued a detailed written order denying each claim raised in the motion and reiterating that Pellouchoud was not entitled to appointed counsel because he was already represented by counsel.

## II. Discussion

¶ 15    Pellouchoud contends that the district court erred by denying (1) his motion to appoint a public defender to represent him in his postconviction proceeding and (2) his substantive claims of ineffective assistance of appellate and postconviction counsel.  We disagree.

## III. Standard of Review

¶ 16    We review de novo a district court's denial of a Crim. P. 35(c) motion without a hearing.  *People v. Wilson*, 397 P.3d 1090, 1094 (Colo. App. 2011), *aff'd*, 2015 CO 37.  We also review interpretations of the rules of criminal procedure de novo.  *People v. Corson*, 2016 CO 33, ¶ 44.

## IV. Appointment of Counsel Under Crim. P. 35(c)(3)(V)

¶ 17    Pellouchoud first argues that the district court erred by denying his request to appoint counsel when it did not deny his motion outright under Crim. P. 35(c)(3)(IV) but instead referred it to the district attorney's office for a response under Crim. P. 35(c)(3)(V).  We disagree.

¶ 18    Crim. P. 35(c) provides postconviction remedies for defendants to have a conviction vacated or set aside based on one or more of

the grounds listed in Crim. P. 35(c)(2). Under Crim. P. 35(c)(3)(IV), the district court must promptly deny a postconviction motion if the court concludes that the motion, the record, and the file show that the defendant is not entitled to relief. *See People v. Segura*, 2024 CO 70, ¶ 25.

¶ 19    If, however, the district court does not deny the motion under Crim. P. 35(c)(3)(IV), Crim. P. 35(c)(3)(V) requires the court to take additional steps — namely, the court must

> cause a complete copy of said motion to be served on the prosecuting attorney if one has not yet been served by counsel for the defendant. If the defendant has requested counsel be appointed in the motion, the court shall cause a complete copy of said motion to be served on the Public Defender. . . . Upon receipt of the response of the Public Defender, or immediately if no counsel was requested by the defendant or if the defendant already has counsel, the court shall direct the prosecution to respond to the defendant's claims or request additional time to respond within 35 days and the defendant to reply to the prosecution's response within 21 days. The prosecution has no duty to respond until so directed by the court. Thereafter, the court shall grant a prompt hearing on the motion unless, based on the pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law.

¶ 20     As with statutory construction, when interpreting a rule of criminal procedure, we first look to the plain language of the rule, reading the words and phrases in context and construing the rule as a whole to give consistent, harmonious, and sensible effect to all its parts.  *See People v. Subjack*, 2021 CO 10, ¶ 14; *see also People v. Arellano-Avila*, 20 P.3d 1191, 1192 (Colo. 2001) (In interpreting a rule of criminal procedure, "we look to its plain meaning in pari materia with the other rules.").

¶ 21     Here, Pellouchoud's postconviction counsel filed a thorough postconviction motion and never moved to withdraw.  Thus, counsel continued to represent Pellouchoud while the district court considered the merits of the postconviction motion.

¶ 22     Arguing that the court was required to forward a copy of his postconviction motion to the public defender because he requested appointed counsel, Pellouchoud focuses on the second sentence of Crim. P. 35(c)(3)(V): "If the defendant has requested counsel be appointed in the motion, the court shall cause a complete copy of said motion to be served on the Public Defender."  True, read in isolation, that sentence seems to require the appointment of counsel every time a defendant requests counsel in a Crim. P. 35(c)

motion.  However, the remaining portion of Crim. P. 35(c)(3)(V) recognizes situations in which counsel files a motion on behalf of a defendant.

¶ 23    Specifically, the immediately preceding sentence directs the court to send a complete copy of the motion to the prosecuting attorney "if one has not yet been served *by counsel for the defendant.*"  Crim. P. 35(c)(3)(V) (emphasis added).  The rule further provides that "[u]pon receipt of the response of the Public Defender, or immediately if no counsel was requested by the defendant *or if the defendant already has counsel,* the court shall direct the prosecution to respond to the defendant's claims."  Crim. P. 35(c)(3)(V) (emphasis added).  The use of the disjunctive word "or" in the sentence requiring the court to direct the prosecution to respond to the defendant's claims indicates that the rule does not envision a situation requiring appointment of a public defender after a motion is filed by private counsel.  *See Friend v. People,* 2018 CO 90, ¶ 16 (the word "or" in statutes generally describes alternatives).

¶ 24    Thus, when considered as a whole, it appears that the purpose of the rule is to provide pro se defendants who have at least one

arguably meritorious postconviction claim with an opportunity to be represented by counsel. *See Segura,* ¶ 26; *see also Silva v. People,* 156 P.3d 1164, 1168 (Colo. 2007) (there exists only a limited statutory right to postconviction counsel for claims with arguable merit). Interpreting the rule to require the appointment of counsel for defendants who have already retained private counsel would be a waste of resources for the public defender's office or alternate defense counsel and would potentially lead to unnecessary delay in resolving the postconviction motion.

¶ 25 Further, Pellouchoud has not cited any cases, and we are aware of none, where a Colorado appellate court has held that the district court was required to refer a postconviction motion to the public defender when the Crim. P. 35(c) motion was filed by private counsel. Rather, it appears that the cases addressing Crim. P. 35(c)(3)(V)'s requirement to forward a postconviction motion to the public defender have involved instances where the defendant filed the postconviction motion pro se. *See Segura,* ¶ 7 (holding that when a defendant files a pro se Crim. P. 35(c) motion that contains a request for counsel, the district court has two, and only two, choices: (1) deny the motion in its entirety after reviewing the

11

motion, the record, and the file and determining that none of the claims has arguable merit; or (2) forward a complete copy of the motion to the public defender after determining that at least one claim has arguable merit); *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 25 (noting that if a defendant's pro se Crim. P. 35(c) motion presents at least one potentially meritorious claim, the postconviction court shall forward a copy of the motion to the public defender); *People v. Higgins*, 2017 COA 57, ¶ 15 (holding that Crim. P. 35(c)(3)(V) requires the court to send a copy of the pro se postconviction motion to the public defender if it does not deny the motion under Crim. P. 35(c)(3)(IV)).

¶ 26     Thus, when read in context, the rule's requirement that a court forward a copy of the motion to the public defender is only triggered when the defendant has filed the motion pro se. Consequently, the district court did not err when it denied Pellouchoud's request for counsel and ruled on the postconviction

motion filed by counsel without forwarding a copy to the public defender's office.[1]

### V. Ineffective Assistance of Counsel Claims

¶ 27    Pellouchoud next contends that the district court erred by denying his claims that his appellate and postconviction counsel were ineffective. We are not persuaded.

### A. Failure to Argue Right to Trial Counsel

¶ 28    For the first time on appeal, Pellouchoud asserts that he received ineffective assistance from his appellate counsel because counsel failed to argue on direct appeal that the district court erred by not allowing him to reassert his right to counsel at his trial. Pellouchoud acknowledges that he did not raise this claim in his postconviction motion. Because we do not consider issues not raised to the district court in a motion for postconviction relief, we decline to consider it. *See People v. Cali*, 2020 CO 20, ¶ 34.

¶ 29    Nor are we persuaded by Pellouchoud's assertions that his postconviction counsel was ineffective for failing to raise a claim

---

[1] Given our disposition, we need not address Pellouchoud's "plain error" argument that denial of counsel violated his right to due process.

that his appellate counsel was ineffective and that he can assert a claim of ineffective assistance of postconviction counsel for the first time in this appeal. Ineffective assistance of postconviction counsel claims cannot be brought in an appeal of the postconviction proceeding in which postconviction counsel was allegedly ineffective. Rather, such claims are properly raised in a separate Crim. P. 35(c) motion upon the completion of the postconviction proceedings. *See People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002).

### B. Failure to Raise Competency to Represent Himself

¶ 30 Pellouchoud next contends that his appellate counsel was ineffective for failing to raise claims that (1) he lacked capacity to represent himself at trial and (2) the district court erred by failing to sua sponte raise the issue of his competency to represent himself. We disagree.

### 1. Applicable Law

¶ 31 To prevail on an ineffective assistance of counsel claim, a defendant must establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ardolino v.*

*People*, 69 P.3d 73, 76 (Colo. 2003). The same requirements apply to a claim of ineffective assistance of appellate counsel. *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005).

¶ 32    Yet, appellate counsel is not required to raise every nonfrivolous issue a defendant wants to raise. *People v. Trujillo*, 169 P.3d 235, 238 (Colo. App. 2007). Appellate counsel's choice of which issues to raise is a strategic decision and is presumed effective. *Id.* Thus, the prejudice component of a claim for ineffective assistance of appellate counsel requires a defendant to establish that counsel failed to present an issue that is clearly stronger than the issues actually presented on appeal. *Long*, 126 P.3d at 286.

¶ 33    The standard for determining competency to waive the right to counsel and to represent oneself is the same as the standard for competency to stand trial. *People v. Davis*, 2015 CO 36M, ¶ 16. Thus, "a defendant is competent to waive the right to counsel if he has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[ ] and . . . has a rational [and a] factual understanding of the proceedings against

him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

¶ 34 If the trial court has a "reason to believe" that the defendant is incompetent to proceed, it must suspend the proceedings and determine competency. § 16-8.5-102(2)(a), C.R.S. 2025. Because the trial court is in the best position to observe the defendant's general demeanor, we will uphold its determination of competency absent an abuse of discretion. *See People v. Stephenson*, 165 P.3d 860, 866 (Colo. App. 2007). A defendant's general demeanor and interactions with defense counsel and the court during court appearances are crucial to assess whether competency may be an issue. *Blehm v. People*, 817 P.2d 988, 994 (Colo. 1991).

## 2. Analysis

¶ 35 The crux of this ineffective assistance of appellate counsel claim is whether there was evidence that Pellouchoud was incompetent to represent himself at trial such that the district court erred by not sua sponte stopping him from doing so.

¶ 36 In its written order, the district court rejected this claim because, even assuming counsel performed deficiently by not raising this issue in the direct appeal, Pellouchoud did not establish

16

prejudice. In reaching that conclusion, the court noted that it had, on multiple occasions, found that Pellouchoud was competent to represent himself. Thus, the record did not support the conclusion that the court had a "reason to believe" that Pellouchoud was incompetent. Consequently, even if appellate counsel had raised this issue on appeal, there was no evidence to suggest that the claim was stronger than the issues that were raised.

¶ 37 We agree with the district court. Because the record does not support an assertion that the court had a "reason to believe" Pellouchoud was incapable of representing himself, Pellouchoud failed to establish that he was prejudiced by appellate counsel's alleged ineffective assistance on this claim.

¶ 38 On the first day of trial, when counsel sought a continuance to represent Pellouchoud, counsel specifically indicated that he was not attempting to raise a competency issue. And the district court, after reviewing the medical records submitted by counsel, found that Pellouchoud was legally competent to represent himself.

¶ 39 On the second day of trial, after hearing Pellouchoud explain symptoms he was experiencing — including paranoia and dizziness — and his inability to get an appointment with his doctor, the

17

court, out of an abundance of caution, continued the trial until the next day and allowed Pellouchoud to go to his doctor to address his medical concerns. Before continuing the trial, however, the court recounted how, over the past six years, Pellouchoud had engaged in gamesmanship by hiring and firing attorneys and complaining of medical problems. Specifically, the court stated:

> I have no doubt, Mr. Pellouchoud, that this event is stressful. But this is the decision that you made. You have been examined twice by CMHIP and found to be competent on each of those occasions. There is no indication that the Court has seen that you are incompetent now . . . . You have participated in the proceedings, you have answered my questions appropriately, you have asked questions that are appropriate, you have participated in the case. *There is absolutely no evidence that you are not competent to proceed to trial, nor that you are not competent to proceed representing yourself,* and I have great concerns about your continuing efforts to prevent this case from proceeding to trial.

(Emphasis added.)

¶ 40 The district court was clearly aware that Pellouchoud's ability to represent himself might be an issue and addressed it multiple times, each time concluding that he was competent to proceed pro

18

se. Thus, the district court did not err by denying his ineffective assistance of appellate counsel claim.

¶ 41     Nevertheless, Pellouchoud argues that his absence from the final day of trial due to a mental breakdown demonstrates that he was not competent to represent himself. We are not persuaded.

¶ 42     There is no evidence in the record to support the claim that Pellouchoud's failure to appear on the last day of trial was based on a mental breakdown. To the contrary, the court, advisory counsel, the district attorney, and the police department all attempted to locate him, including checking various hospitals to see if he was admitted, without success. Thus, we reject the assertion that Pellouchoud's absence from the last day of trial demonstrated his incompetence such that the court should have appointed him counsel.

## VI.  Claims Not Reasserted on Appeal

¶ 43     Pellouchoud raised additional claims in his postconviction motion that he does not reassert on appeal. We deem those claims abandoned and do not address them. *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (claims raised in a postconviction motion but not reasserted on appeal are deemed abandoned).

19

## VII. Disposition

¶ 44   The order is affirmed.

JUDGE BROWN and JUDGE MEIRINK concur.