23CA1723 Peo v Robinson 05-14-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1723
City and County of Denver District Court No. 18CR670
Honorable Christine C. Antoun, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

David Wayne Robinson,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

James West, Alternate Defense Counsel, Longmont, Colorado, for Defendant-Appellant

¶ 1     Defendant, David Wayne Robinson, appeals the postconviction court's order denying his Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     In the early morning hours, police responded to a report of a burglary at a warehouse in an industrial area.  They saw that the fence surrounding the building and a lock on the fence had been cut.  A door to the warehouse had also been pried open.  After they entered the warehouse, they observed electrical boxes with missing copper wires and heard "popping" noises that they attributed to wires being cut.

¶ 3     The officers then saw Robinson on top of a ladder in the rafters near an electrical conduit, wearing a headlamp and holding a large pair of bolt cutters.  They found a hacksaw and copper wire near the ladder.

¶ 4     The prosecution charged Robinson with second degree burglary and possession of burglary tools.  They also charged a codefendant whom they found with tools, including a hacksaw and bolt cutters, in the driver's seat of a car outside the warehouse.

¶ 5     Robinson was appointed public defender Kelli Nagel.  For unknown reasons, a file was never opened to Nagel so Nagel did not

appear at the preliminary hearing, which was covered by another public defender. That public defender requested a continuance of the preliminary hearing; however, Robinson said he wanted to dismiss his attorney and proceed pro se. He explained, "I want a lawyer, but I don't want somebody who – who is representative or is paid by the government – the entity of the corporation of America." The trial court gave him an advisement pursuant to *People v. Arguello*, 772 P.2d 87 (Colo. 1989), and found that he had knowingly and voluntarily waived his right to counsel. Robinson represented himself for the remainder of the hearing.

¶ 6 Robinson appeared pro se at the next hearing but told the trial court he wanted an attorney other than Nagel. At a bench conference, Nagel told the court that the prosecution "had sent [her] an offer on this case" but that Robinson had wanted to represent himself. The court appointed a second public defender, Christopher Richardson.

¶ 7 At Robinson's arraignment, he appeared with Richardson. Robinson told the trial court he wished to hire private counsel, but he opted to remain represented by Richardson solely for the

purpose of pleading not guilty without further delay. The court accepted his plea of not guilty.

¶ 8    Four days later, on May 11, 2018, when no private counsel had entered an appearance, Robinson appeared again with Richardson. But Robinson told the trial court he did not need an attorney and was ready for trial. The court gave him another *Arguello* advisement and found that he had again knowingly, voluntarily, and intelligently waived his right to counsel. The court advised him that, ordinarily, the next step would be to set the case for a disposition hearing so that he could discuss a plea bargain with the prosecutor. Robinson told the court, "I don't want no plea bargain. I'm ready for trial." He then agreed to the court setting a trial date and told it to "[a]bsolutely" cancel the disposition hearing.

¶ 9    Robinson then represented himself at a motions hearing, a pretrial hearing, and trial.

¶ 10    The jury found Robinson guilty as charged. The trial court sentenced him to four years in prison plus three years of mandatory parole for second degree burglary, with a shorter concurrent sentence for possession of burglary tools.

¶ 11    Through counsel, Robinson appealed his convictions and sentence. As relevant here, he challenged the validity of the second waiver of his right to counsel. *People v. Robinson*, slip op. at ¶¶ 18-30 (Colo. App. No. 18CA2193, Apr. 14, 2022) (not published pursuant to C.A.R. 35(e)). A division of this court rejected his contentions and affirmed the judgment. *Id.* at ¶¶ 18-30, 38.

¶ 12    Robinson timely filed a pro se Crim. P. 35(c) motion, asserting six claims:

1) His public defenders were ineffective for various reasons including, as relevant here, that they had failed to convey a plea offer to him.

2) His waivers of his right to counsel were invalid.

3) The elemental jury instruction for second degree burglary was improper.

4) Police failed to collect and thus destroyed exculpatory evidence from the scene, namely a backpack.

5) The trial court erroneously admitted untrue, misleading, and prejudicial evidence.

6) Colorado's mandatory parole statute was unconstitutional.

4

At various points throughout the motion, Robinson also asserted that cumulative error warranted reversal of his convictions and a new trial.

¶ 13    The postconviction court denied Robinson's motion in a written order entered without a hearing. As relevant here, the court denied Robinson's claim that his public defenders were ineffective for failing to convey a plea offer to him on the ground that he was precluded from asserting ineffective assistance because he had waived his right to counsel. The court denied the remaining claims on the merits, because they were not legally cognizable, or they were successive.

## II.    Discussion

¶ 14    Robinson contends that the postconviction court erred by (1) denying his claim that his public defenders were ineffective for failing to convey a plea offer to him on the ground that he elected to represent himself; and (2) failing to construe his trial error claims

as claims of ineffective assistance of appellate counsel.[1]  We address

and reject both contentions.

### A.     Standard of Review and Applicable Law

¶ 15     We review de novo the denial of a Crim. P. 35(c) motion

without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 16     A defendant need not set forth evidentiary support for the

allegations in a Crim. P. 35(c) motion but instead need only assert

facts that if true would provide a basis for relief.  *White v. Denv.*

*Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  A Crim. P. 35(c) claim

may be denied without an evidentiary hearing "if the motion, files,

and record clearly establish that the defendant is not entitled to

relief; if the allegations, even if true, don't provide a basis for relief;

or if the claims are bare and conclusory in nature and lack

supporting factual allegations."  *People v. Delgado*, 2019 COA 55,

¶ 8.

---

[1] Because Robinson has not appealed the remaining claims in his
postconviction motion, we consider them abandoned.  *See People v.*
*Hunsaker*, 2020 COA 48, ¶ 10, *aff'd* 2021 CO 83.

B. Ineffective Assistance of the Public Defenders

¶ 17    A criminal defendant is constitutionally entitled to effective assistance of counsel. *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). To succeed on an ineffective assistance claim, the defendant must first show that counsel's performance was deficient, meaning it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1061-63 (Colo. 2007). Failure to convey a plea offer constitutes deficient performance even if the defendant otherwise receives a fair trial. *People v. Perry*, 68 P.3d 472, 477 (Colo. App. 2002).

¶ 18    Second, the defendant must show prejudice, which means showing a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Dunlap*, 173 P.3d at 1063. "Failing to communicate a plea offer to a defendant constitutes prejudice if there is a reasonable probability that the defendant would have accepted the offer if it had been timely communicated." *Perry*, 68 P.3d at 477.

¶ 19    A postconviction court may deny an ineffective assistance claim if the defendant fails to demonstrate either deficient performance or prejudice.  *See People v. Aguilar*, 2012 COA 181, ¶ 9.

¶ 20    Significantly, "[w]e may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground."  *People v. Cooper*, 2023 COA 113, ¶ 7.  Although Robinson contends the court erred by not considering the merits of his ineffective assistance of counsel claim because he ultimately proceeded pro se, a contention with which the People agree, we affirm the court's ruling on two alternative grounds.

¶ 21    First, Robinson's motion did not allege prejudice on this claim. Specifically, he did not allege that there was a reasonable probability that he would have accepted a plea offer if his public defenders had timely conveyed one to him.  *See Perry*, 68 P.3d at 477; *see also People v. Joslin*, 2018 COA 24, ¶ 4 ("[T]o warrant a hearing on a Crim. P. 35(c) motion, a defendant must allege facts that, if true, entitle the defendant to postconviction relief.").  On appeal, Robinson argues that he could not have done so because he

8

was never told what the offer was. He also "maintains that he would have taken a reasonable offer" or one "comparable or proportional" to his codefendant's alleged offer. But he did not make these assertions in his postconviction motion, and we will not consider allegations not raised in a postconviction motion and therefore not ruled on by the postconviction court. *Cali*, ¶ 34.

¶ 22    Second, even if Robinson had presented such an argument in his motion, the record would have refuted his claim because the record is clear that he was not interested in considering any plea offer. *See Delgado*, ¶ 8. When Robinson waived his right to counsel on May 11, 2018, the trial court advised him that it could set the case for a disposition hearing so that he could discuss a plea with the prosecution. But Robinson clearly told the court that he did not want a plea bargain and that it should cancel any disposition hearing. Furthermore, we agree with the People that "the record is replete with other statements corroborating [Robinson's] resolve to take the case to trial and prove that he was innocent and the charges against him were 'lies.'"

¶ 23    Because the record shows that Robinson had no interest in considering a plea offer, counsel's failure to relay one to him could

not have been prejudicial. *See People v. Sherman*, 172 P.3d 911, 913-14 (Colo. App. 2006) (the defendant's pretrial assertions of innocence and statement to counsel that he "was not interested in any disposition short of dismissal of the charges" refuted his postconviction claim that he would have accepted a plea offer).

¶ 24 Therefore, the postconviction court did not err by denying this ineffective assistance claim without a hearing. *See Cooper*, ¶ 7.

### C. Ineffective Assistance of Appellate Counsel

¶ 25 Robinson asserts that the postconviction court should have construed his claims regarding the police's destruction of evidence, the trial court's admission of prejudicial evidence, and a mistake in the jury instructions as claims that his appellate counsel was ineffective for not raising these issues on direct appeal.

¶ 26 Robinson only briefly mentioned the assistance of appellate counsel two times in his forty-one-page motion, but not in the context of these claims of trial error. At the beginning of the motion, he generally claimed that he was denied the effective assistance of counsel "from the onset of the matter through the direct appeal." And then, as part of his first claim regarding the ineffective assistance of his public defenders, he asserted that

"[appellate counsel] did not properly bring these issues herein making an ineffective assistance claim on appellate counsel also." He did not expand on these arguments.

¶ 27    We acknowledge that we must broadly construe pro se litigants' pleadings "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Cali*, ¶ 34 (quoting *Jones v. Williams*, 2019 CO 61, ¶ 5).  But we will not act as a pro se litigant's advocate or consider issues he did not raise in his postconviction motion.  *Id.*

¶ 28    Even broadly construing Robinson's claims of trial error, his motion did not draw any connection between those claims and his two passing references to ineffective assistance of appellate counsel.

¶ 29    Nonetheless, even if the postconviction court erred by not construing his trial error claims as such, the court still did not err by denying the claims because Robinson failed to allege deficient performance and prejudice.

¶ 30    The same two-pronged *Strickland* test applies to claims of ineffective assistance of appellate counsel.  *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005).

¶ 31 To establish the performance prong, "the defendant must show that counsel failed to present the case effectively," for example, by "ignor[ing] issues that are clearly stronger than those presented." *Id.* However, "[a]ppellate counsel is not required to raise on appeal every nonfrivolous issue a defendant desires to raise." *People v. Trujillo*, 169 P.3d 235, 238 (Colo. App. 2007). "Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome, even in the context of a direct appeal." *Id.* (citation modified). "The bare allegation of failure to assert the additional claims does not overcome the presumption that appellate counsel's choice was the result of a strategic election." *Id.* at 239.

¶ 32 To establish the prejudice prong based on a failure to raise specific issues on appeal, "the defendant must show a reasonable probability that, but for counsel's errors, he or she would have prevailed on the appeal." *Long*, 126 P.3d at 286.

¶ 33 Robinson failed to allege in his motion that the three trial error claims were stronger or had a better chance of prevailing than the claims appellate counsel raised on direct appeal. Nor did he allege a reasonable probability that he would have prevailed on appeal

12

had counsel raised these issues. In the absence of such allegations, the postconviction court properly denied these claims. *See Trujillo*, 169 P.3d at 238-39 (affirming the denial of the defendant's ineffective assistance of appellate counsel claims because he did not allege that the potential appellate issues were stronger than those raised on direct appeal, and because he would not have prevailed on the issues appellate counsel elected not to pursue).

### III. Disposition

¶ 34    The order is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.